347 P.2d 565

**Earl WATTS, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA and the Honorable Renz L. Jennings, Respondents.**

No. 6934.

Supreme Court of Arizona.

Dec. 16, 1959.

2

Stockton & Aldrich, Phoenix, for petitioner.

Finn, Gorey & Ely, Phoenix, for respondents.

JOHNSON, Justice.

This is an original application for a writ of prohibition to restrain the respondent Superior Court of Maricopa County from enforcing its order requiring the production for inspection of a statement made by the plaintiff to an agent of the defendant's insurer. Rule 34, Rules of Civil Procedure, 16 A.R.S., provides:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(c), the court in which an action is pending may: 1. Order any party to produce and

permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control."

On September 26, 1958, Naola Craddock, plaintiff in the action in the Superior Court, suffered personal injuries resulting from the alleged negligence of Earl Watts, while driving a truck as an employee of the defendants, Circle K. Tire Exchange Company, the real party in interest.

On October 8, 1958, while the plaintiff, Naola Craddock, was still in the hospital as a result of said injuries, her statement was taken by an insurance investigator representing the defendant's insurer. This statement was taken before the plaintiff had retained counsel and over two months prior to the time suit was instituted by the plaintiff, Naola Craddock, seeking to recover damages for her injuries.

Thereafter, on March 4, 1959, plaintiff moved the trial court pursuant to Rule 34, supra, for an order permitting the inspection of said statement which was granted and the defendants then commenced the present proceedings in this court.

The motion for inspection under Rule 34, supra, was supported by an affidavit of one of the attorneys for the plaintiff, averring "That the said plaintiff recalls making such statements but does not recollect what these statements contained * * *" and "* * * That these statements related to the facts of the accident * * * that no copy of these statements has ever been given to the plaintiff * * *."

The defendants opposed the motion to inspect the statement of the plaintiff, in the trial court and in the instant proceeding, upon the ground that the plaintiff had not shown good cause as required by Rule 34, supra, and that the statement contained admissions of the plaintiff and could be used by the defendant for the purpose of impeachment and that the only purpose of inspection would be to accommodate the testimony of the plaintiff to the statement.

█ The order is not appealable and prohibition is the proper remedy. Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764.

█ Rule 34, supra, authorizes the trial court to require the production of the statement given by the plaintiff on "showing good cause therefor." What constitutes "good cause" depends to a considerable degree upon the particular circumstances of each case and upon considerations of practical convenience; and it is for this reason that other decisions dealing with

4

the problem of "good cause" under this Rule can only be of limited assistance. Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764.

■ We recognized in the Dean case, supra, that the modern trend has been to greatly liberalize the Rules pertaining to discovery and this is particularly true on the question of the right of a party to the discovery of a statement given by himself to an adverse party, 27 C.J.S. Discovery § 71(8); See Annotation 166 A.L.R. 1429, at page 1447; however, such a liberal trend does not mean that a showing of "good cause" is no longer necessary or that such a motion to produce a party's own statement should be automatically granted, and we agree with the statement contained in Martin v. Capital Transit Co., 83 U.S.App. D.C. 239, 170 F.2d 811, 812, "* * * The rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion. * * *" In this regard it must be noted that the more recent cases require even less of a showing of "good cause" where a party is seeking discovery of his own statement given to an adverse party or his agent. Vol. 4, Moore's Federal Practice, 2nd Ed., page 2454; Mallon v. Ginsberg, 12 Misc.2d 1017, 173 N.Y.S.2d 412.

■ We are of the opinion that the affidavit filed by the plaintiff in support of the motion for the production of the statement sufficiently establishes "good cause" under the circumstances of this action; Brown v. New York, New Haven & Hartford R. Co., D.C., 17 F.R.D. 324 and that the trial court did not abuse its discretion in ordering the production of such statement.

We have the situation where approximately twelve days after the plaintiff had sustained injuries so serious that she was still a patient at the hospital, a claims investigator of the defendant took her statement and did not furnish her with a copy and at the time of taking the statement the plaintiff was not represented by counsel and in fact suit was not filed until some two months afterwards. The language of the Supreme Court of California, in Dowell v. Superior Court, 47 Cal.2d 483, 304 P.2d 1009, 1011, in passing upon a similar motion is apropos:

"* * * It is to be assumed that the claims investigator was skillful in his undertaking. It may also be assumed that it would be to the advantage of the company to obtain from a possible claimant an account from his standpoint of the facts surrounding the accident and to obtain it as soon as possible after it occurred. Certainly it may not be denied that one of the purposes of an interview with a possible claimant as soon as possible after an accident is to obtain informa-

tion to be used in resisting an unjust or exorbitant claim or in aid of adjustment thereof. But in obtaining and using such information against an adverse party the conduct of the possible defendant in an action on the claim should be attended with fairness and without overreaching."

There is no indication in our instant case that any unfair advantage was taken of the plaintiff, however, a statement was requested and voluntarily given at a time when the plaintiff was still confined to a hospital recovering from the injuries received in the accident. Under such circumstances if the statement obtained by the insurance investigator was taken in good faith for the purpose of attempting a settlement of a just claim or to expedite a settlement without a litigation, fairness and common courtesy would suggest that a copy of such statement be given the plaintiff at the time it was taken. We can conceive of no reason, beyond the possible benefit of surprise, why the statement given by the plaintiff should not be produced. In the leading case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451, the court said: " * * * Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."

Counsel for the petitioner asserts that if a copy of the statement is given to plaintiff that she will be able to accommodate or reconcile her testimony at the trial with what she said in the statement and that petitioner will be unable to use the statement for impeachment purposes or to obtain admissions and reveal inconsistencies in her testimony.

The purpose of discovery procedure under our Rules of Civil Procedure is to avoid the element of surprise and prevent the trial of a lawsuit from being a "guessing game". Hayman v. Pullman Co., D.C., 8 F.R.D. 238; Chatman v. American Export Lines, D.C., 20 F.R.D. 176, 178. We fail to understand how the petitioner could in any way be harmed or deprived of any defense by producing a copy of the statement. If the statement given by the plaintiff at the hospital is the true version of the occurrence, how can the petitioner be harmed if plaintiff's testimony at the trial is consistent with the statement.

In the event the statement contains admissions made by the plaintiff which are material to the defense of petitioner, these remain unchanged by producing the statement for inspection, and would still be admissible upon a proper showing.

We are impressed with a statement contained in Wilhelm v. Abel, 1 A.D.2d 55, 147 N.Y.S.2d 475, 476, and cited with approval

**6**

in many subsequent decisions from that jurisdiction, which reads as follows:

"The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable—hence the very liberal rules for examinations before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases."

Counsel for petitioner relies principally upon the following cases, Safeway Stores, Inc. v. Reynolds, 1949, 85 U.S.App.D.C. 194, 176 F.2d 476, which we decline to follow for the reason that in our opinion a too narrow and strict test of what constitutes "good cause" has been applied. See Vol. 4 Moore's Federal Practice, 2nd Ed., page 1149. The other cases of McCoy v. District Court of Larimer County, 126 Colo. 32, 246 P.2d 619 and Crisafulli v. Public Service Coordinated Transport, 7 N.J. Super. 521, 72 A.2d 429, are distinguishable and do not apply to the fact situation of the instant case.

The alternative writ of prohibition is ordered quashed.

PHELPS, C. J., and STRUCKMEYER, UDALL and BERNSTEIN, JJ., concur.