The **BADA COMPANY**, Plaintiff,

v.

**MONTGOMERY WARD & CO., Inc.,** Defendant.

No. 62-1517-CC.

United States District Court

S. D. California,
Central Division.

United States District Court
E. D. Tennessee,
Northeastern Division.

Jan. 29, 1963.

Walter A. Curtis, Jr., Greenville, Tenn., Robert R. Thornton, Pasadena, Cal., for plaintiff.

S. J. Milligan, Greeneville, Tenn., James Kurtz, Washington, D. C., for defendant.

NEESE, District Judge.

In aid of its action in a federal court in California, the plaintiff has caused a subpoena duces tecum to be issued from this court for the pretrial depositions of the witnesses Greene, doing business in Bristol, Tennessee as Plumbium Manufacturing, as well as for the production of certain documentary material for inspection or copying. Rule 45(b), Federal Rules of Civil Procedure. The witnesses Greene by motion to modify object to this subpoena as being " * * * unclear, unreasonably oppressive and unduly broad."

This is a patent infringement action. Plumbium Manufacturing is a competitor of the plaintiff in the field of motor vehicle wheel balancing. The witnesses Greene have supported their motion with their affidavit in which they contend the documentary material sought by the subpoena is available to the plaintiff in the hands of the defendant. This is undisputed, although the plaintiff complains that various items of the material sought are scattered throughout the defendant's extensive chain operation.

The Court is of the opinion that, at this stage of the litigation, the plaintiff has not shown good cause for the objecting witnesses to comply with parts 1 and 2 of the subpoena duces tecum when the material sought may be available to the plaintiff under Rule 34, Federal Rules of Civil Procedure. These witnesses are not parties to the action, and they should not be burdened with the annoyance and expense of producing

the documents sought unless the plaintiff is unable to discover them from the defendant. Such failure would, of course, present the Court an altogether different question.

■ " * * * (T)he deposition-discovery rules are to be accorded a broad and liberal treatment. * * * To that end, either party may compel the other to disgorge whatever facts he has in his possession. * * * But discovery, like all matters of procedure, has ultimate and necessary boundaries. * * * " Hickman v. Taylor (1947), 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, 460-461.

■ One of these limitations is that " * * * the production by a party of any documents, either for mere inspection or obtaining a copy, is predicated upon first showing good cause therefor and consequently is to be obtained *only* by proceeding under Civil Procedure Rule 34 * * * ." (Emphasis supplied.) Alltmont v. United States, C.A.3rd (1950), 177 F.2d 971, 975. Judge Maris, drafting the Third Circuit Court's opinion in Alltmont, expressed the opinion that the broad sweep of Hickman, supra, applies to all witnesses. Idem., at page 976.

■■ It being true that " * * * the deposition-discovery rules create integrated procedural devices. * * * " [Hickman v. Taylor, supra,], then the "good cause shown" requirement of Rule 34, supra, must be read into Rule 45(b), supra; otherwise, as here, a party may obviate the limitation of Rule 34 by a resort to Rule 45(b). While Rules 26 and 45, supra, often provide a convenient expediency to a litigant, the Court must construe these rules in the light of other deposition-discovery rules in the system of integrated procedural devices. As was well said recently, " * * * As interpreted by the courts, the only appar-

ent difference between the two procedures is that, while under Rule 34 the moving party must initially show good cause, under Rule 45 the opposing party must object to the motion." Guilford National Bank of Greensboro v. Southern Ry. Co., C.A.4th (1962), 297 F.2d 921, 923-924, note 2. Witnesses, as well as the opposing party, may interpose the objection. Alltmont v. United States, supra. This serves to prevent a litigant's accomplishing by indirection that which he is prohibited by the rules from accomplishing directly. If the plaintiff has "good cause" to require non-litigating witnesses to produce these documents, then certainly it has "good cause" to acquire this information directly from the defendant.

The proper procedure for the plaintiff to follow at this point in attempting to procure the production of the documents in question is by motion against its litigating adversary under Rule 34, supra.

■ The instant subpoena shows on its face that the plaintiff's request for the production by the witnesses Greene of: "All documents between Montgomery, Ward & Co., Incorporated and Plumbium Manufacturing, or any partner therein, relating to the field of wheel balancing," and: "All records of sales of wheel balancing weights to Montgomery, Ward & Co., Incorporated, by Plumbium Manufacturing, or copies thereof," is so broad as to be unreasonable, at least at this stage of the proceedings. The motion to modify will be granted to that extent and otherwise is denied. Rule 45 (b) (1), Federal Rules of Civil Procedure.

Counsel for the respondents will submit an appropriate order consistent herewith and also ordering the taking of the depositions of the witnesses Greene as agreed.