460 P.2d 670

**Frank KIRKPATRICK, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, and State Compensation Fund, Robert L. Myers, Judge, Maricopa County Superior Court, Respondents;**

**KITCHELL CONTRACTORS, INC., an Arizona corporation, Real Party In Interest.**

**No. 1 CA–CIV 1046.**

Court of Appeals of Arizona.

Division 1.

Department A.

Nov. 10, 1969.

As Amended Nov. 13, 1969.

**566**

Machmer, Lehman & Cantor, by Stan A. Lehman, Phoenix, for petitioner.

Snell & Wilmer, by John E. Lundin, Phoenix, for real party in interest Kitchell Contractors, Inc.

Michael A. Lasher, Former Chief Counsel, Donald L. Cross, Chief Counsel, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Courtney L. Varner, Phoenix, for respondent State Compensation Fund.

STEVENS, Judge.

The matter before the Court is an application for extraordinary relief arising out of discovery procedures in a pending Superior Court action. The complaint was filed in the Superior Court on 13 September 1968 and alleges that the plaintiff was injured on 22 September 1967. He seeks recovery in tort.

At the outset we desire to expressly state that this opinion is not an interpretation of the effect of the amendments to the Workmen's Compensation Act which became effective 1 January 1969. We further limit this opinion to the discovery problems incident to the tort action which the injured workman, as an individual, filed against alleged third-party tortfeasors after his claims file had been opened by The Industrial Commission, he not having rejected the Workmen's Compensation Act. This Court has purposely refrained from causing The Industrial Commission claims file to be transmitted to this Court in connection with the Court's consideration of the issues.

The petitioner (Kirkpatrick) is the plaintiff in a personal injury action in the Superior Court for Maricopa County. Kirkpatrick's complaint named Allison Steel Manufacturing Co. (Allison), and Kitchell Contractors, Inc. (Kitchell) as defendants alleging that the scaffolding which broke while he was standing on it causing his injuries had been erected or used by both defendants and that they were negligent in failing to properly maintain the scaffolding in a safe condition.

Because Kirkpatrick was employed by Desert Steel Company at the time he sustained his injury and had recovered workmen's compensation from Desert Steel's insurance carrier, The Industrial Commission of Arizona (Commission), it was necessary for him to file an election pursuant to A.R.S. § 23–1023 to sue the third parties, Allison and Kitchell. Neither defendant's answer questioned the propriety of Kirkpatrick's suit against them nor has the issue been raised by either of them in their answers to Kirkpatrick's petition now before this Court. *See,* Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958 (1931); Industrial Comm. v. Nevelle, 58 Ariz. 325, 119 P.2d 934 (1941); State ex rel. Industrial Commission v. Pressley, 74 Ariz. 412, 250 P.2d 992 (1952); and State ex rel. Industrial Commission v. Reese, 74 Ariz. 425, 250 P.2d 1001 (1952). Thus, we need not consider the question. Moseley v. Lily Ice Cream, supra; Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966); and Allen v. Graham, 8 Ariz.App. 336, 446 P.2d 240 (1968).

Pursuant to Rule 1 of the Rules of the Arizona Supreme Court, 17 A.R.S., the petitioner seeks to invoke the jurisdiction of this Court in relation to an order entered by the respondent judge. The order denied the petitioner's motion for a protective order and denied his motion to quash a subpoena duces tecum. It is not an appealable order, and it may be challenged by a petition for extraordinary relief. Dean v. Superior Court In and For Maricopa County, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1 (1958) and Watts v. Superior Court In and For Maricopa County, 87 Ariz. 1, 347 P.2d 565 (1959).

The subpoena duces tecum which the petitioner sought to quash was issued on

5 February 1969 at the request of Allison under Rule 45, Rules of Civil Procedure, 16 A.R.S. It was the second of three subpoenas duces tecum which Allison caused to be issued.

The first was issued on or about 23 January 1969 along with the noticing of the taking of a deposition of the custodian of records for the Commission. It commanded the custodian to produce at the deposition, "any and all records, claims, documents, investigations and photographs relating to Mr. Frank Kirkpatrick, Claim No. BE 43003–S."

The custodian appeared at the deposition with the subpoenaed file, but, pursuant to the advice of counsel, refused to permit Allison's counsel to inspect its contents on the grounds that all matters contained in the file were privileged except for awards or orders reflecting official Commission action. The custodian did, however, go through the file, pursuant to a request of Allison's counsel, and describe generally the documents it contained.

Thereafter, Allison again noticed the taking of the deposition of the custodian and caused the second subpoena duces tecum to be served. It commanded the custodian to appear at the deposition and produce the following:

"Any and all Industrial Commission claims forms, supplemental claims for compensation, medical reports, investigation, photographs, x-rays, boards, planks, shoring, as well as any and all of the items identified in the deposition of John Reigelsberger, which said deposition was taken on January 22, 1969, a copy of which will be made available upon request, as well as any and all other documents which are a part of the claim file or investigation file of the claim of Frank Kirkpatrick, the same being No. BE 43003–S * * *."

Thereupon, petitioner filed his motions for a protective order and to quash the subpoena. After an order was entered staying the taking of the second deposition of the custodian pending oral argument and a ruling by the trial court, Allison filed its response to the petitioner's motions. Attached thereto was this affidavit of Allison's counsel:

"Jon L. Kyle, being first duly sworn upon his oath, deposes and says:

"1. That he is one of the attorneys for the defendant ALLISON STEEL MANUFACTURING CO., an Arizona corporation, in the lawsuit entitled FRANK KIRKPATRICK v. ALLISON STEEL MANUFACTURING CO., et al, Cause No. 215756, and that he makes this affidavit in support of Defendant's Response to Plaintiff's Motion for Protective Order and/or to Quash Subpoena and Defendant's Motion for Costs.

"2. That the Industrial Commission of the State of Arizona is in possession of a file, same being No. BE 43003–S, which file pertains to the plaintiff herein, FRANK KIRKPATRICK, and his claim for Workmen's Compensation arising from the accident which is the basis of the plaintiff's complaint herein.

"3. That the information, photographs, and materials in the possession of the Industrial Commission are relevant to the issues in the above-captioned case, and that there is no other way to obtain the information than through the inspection of the items sought.

"4. That the accident which is the basis for both the Workmen's Compensation claim and the instant lawsuit concerns certain scaffolding from which the plaintiff fell, which scaffolding is no longer in existence, but photographs and portions of it are still in the possession of the Industrial Commission.

"5. That the plaintiff's physical condition is in question by virtue of the complaint filed, and that the medical privilege has been waived by the exchange of certain medical reports and other information, and that the medical reports, claims, x-rays, etc. in the Industrial Commission filed and designated

in the subpoena duces tecum served on Aaron Nelson on February 10, 1969, are relevant and necessary and unobtainable in any other way.

"6. That the items listed in the above paragraphs as well as the other categories of other information listed in the subpoena duces tecum referred to above, are all necessary for the preparation of this case for trial for the purposes of evaluation, for settlement, or trial, and for use in both substantive and impeachment evidence of the trial of this action."

From the respondent judge's denial of Kirkpatrick's motions and a resetting of the taking of the second deposition of the custodian, Kirkpatrick sought extraordinary relief of this Court. On 12 March 1969 the matter was heard. Kirkpatrick, Allison and Kitchell appeared by their respective counsel. The Commission and the Fund did not make a formal appearance. At the conclusion of the hearing, the petition was taken under advisement. On 14 March 1969 this Court ordered that all discovery efforts relative to the Commission's claims file be stayed pending further order of the Court and that the following be transmitted to the Court:

(1) All copies of minute entry orders entered in connection with Kirkpatrick's Superior Court action; and

(2) The deposition of the custodian.

Thereafter, the trial court entered two summary judgments in favor of Allison, one against Kirkpatrick and the other against Kitchell on the Kitchell cross-claim, which had been filed on 26 February 1969. Upon Allison's motion to dismiss the pending matter as to it, this Court acted affirmatively.

After the Rule 1 hearing held on 14 March 1969 the Court requested further briefs. After the briefs had been filed the Court requested further oral argument.

Of the four grounds urged in support of the petitioner's writ, only two will be discussed at length. These are:

(1) Whether the second subpoena duces tecum designated with sufficient particularity the documents sought to be produced; and

(2) Whether the affidavit of Allison's counsel constituted a sufficient showing of good cause to overcome Kirkpatrick's motions for a protective order and to quash the subpoena duces tecum.

■ As to the petitioner's contention that the Commission is a party by the force of A.R.S. § 23–1023 and that a Rule 45 subpoena duces tecum may not be used to obtain the production of documents in the possession of a party, we quote the following:

"* * * (I)f a party desires the production of documents under the control of *a party* or witness for use * * * at the taking of a deposition, he may obtain a subpoena duces tecum under Rule 45 * * *." § 1002, 2B Barron & Holtzoff (Rev. ed. 1961). (Emphasis Supplied)

It is also urged that the Commission's files are privileged and immune from discovery except for those documents reflecting official Commission action. In our opinion this contention is unavailing in light of the statement by the Arizona Supreme Court in Industrial Commission v. Holohan, 97 Ariz. 122, 397 P.2d 624 (1964):

"We think the records of the Industrial Commission's proceedings, orders and awards must be considered as public records. But information which is not collected to serve as a memorial of an official transaction or for the dissemination of information is private except as to a claimant or parties within the meaning of A.R.S. § 23–961 [subsec.] A, 1 and 2. (Cases cited) Manifestly much of the Commission's file is collected and used for the purpose of settling the claim of a compensation claimant. *This information is protected from the prying of unauthorized individuals to the same extent as the records of a private per-*

*son.*" 97 Ariz. at 126, 397 P.2d at 627. (Emphasis Supplied)

This statement, in our opinion, is limited to the proposition that the documents in a Commission file are private except for those reflecting official Commission action. It does not hold that they are privileged. In our opinion, to so hold would be contra to the meaning and the purpose of Rule 45, a rule designed to aid a party in the discovery of private documents when no privilege, such as attorney/client or doctor/patient, has been asserted.

■ The petitioner, however, asserts that either or both of the foregoing privileges apply in the instant case and thereby render some of the documents in the file immune from discovery. A consideration of this assertion is beyond the scope of our inquiry for two reasons. First, the Commission file in question is not before us. Second, the petitioner did not raise these objections in the trial court. Milam v. Milam, supra, and Allen v. Graham, supra.

## DESIGNATION WITH SUFFICIENT PARTICULARITY

The requirement that documents sought to be discovered be designated with particularity has been discussed at length in several Arizona cases.

■ We have reviewed these cases and it is our opinion:

(1) that the designation of the documents sought to be discovered must be with sufficient particularity to enable the party or witness who has possession, custody and control thereof to know what is required, Dean v. Superior Court, In and For Maricopa County, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1 (1958);

(2) that any information a party needs so that he can designate the documents he seeks with the requisite particularity may be acquired by deposition or written interrogatories, Dean;

(3) that

" * * * situations may exist where the records are voluminous and it may be impossible to specifically designate each document sought for discovery, and in such instances the trial court, in the exercise of its discretion, could properly treat designation by categories as sufficient, so long as the category itself is sufficiently defined." Dean;

(4) that when the records are voluminous and designation by categories is permitted,

"' * * * the categories must be defined with sufficient particularity (i) to enable the opposing party intelligently to state any grounds for objections it may have to the requested production, and (ii) to enable the Court intelligently to rule on such objections.'" Industrial Commission v. Holohan, 97 Ariz. 122, 397 P.2d 624 (1964);

and,

(5) that the designation "the books and records of the defendants concerning the financial operation of said defendant * * *" amounts to a proper designation by category where the outcome of the action depends upon a complete examination of the defendant's financial operations. Phoenix General Hospital v. Superior Court of Maricopa County, 98 Ariz. 262, 403 P.2d 815 (1965).

■ We are of the opinion that in the instant case, the designation in the second subpoena duces tecum of "all Industrial Commission claims forms, supplemental claims for compensation, medical reports, investigation, photographs, x-rays, boards, planks, shoring * * *" constitutes a sufficient designation by category under the foregoing Arizona Supreme Court decisions. The categories are defined with "sufficient particularity (i) to enable (Kirkpatrick) intelligently to state any grounds for objections (he) may have to the requested production and (ii) to enable the Court intelligently to rule on such objections." Holohan, supra. Further, the documents contained in each category were identified in the deposition of the records custodian, a copy of which was available upon request.

However, as to that portion of the subpoena duces tecum which requests production of "all other documents which are a part of the claim file or investigation file of the claim of Frank Kirkpatrick, the same being No. BE 43003–S," we are of the opinion that such a designation fails to meet the requirements set forth in Holohan, supra.

## GOOD CAUSE

Even though Rule 45 makes no reference to good cause, the majority of courts, including the Arizona Supreme Court, have read the good cause requirement of Rule 34 into Rule 45. State Farm Insurance Company v. Roberts, 97 Ariz. 169, 398 P.2d 671 (1965). However,

> "What constitutes 'good cause' depends to a considerable degree upon the particular circumstances of each case and upon considerations of practical convenience * * *." State Farm at page 174, 398 P.2d at p. 674.

Good cause is not a mere formality to be lightly considered, Watts v. Superior Court In and For Maricopa County, 87 Ariz. 1, 347 P.2d 565 (1959), nor is good cause established by mere conclusions that it exists or by allegations that the document sought to be discovered is essential for the preparation of the case in the absence of a factual showing of how the documents are essential. Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948), cited with approval in Watts.

In the instant case, the affidavit of Allison's counsel (set forth earlier in this opinion) purports to establish the requisite good cause for the production and discovery of the petitioner's Industrial Commission file. For the most part, it is much like the affidavit of counsel in Sacco v. Greyhound Corporation, 24 F.R.D. 257 (1959), where the plaintiffs made two attempts to comply with the requirement of showing good cause. The Court said that their first attempt;

> "was contained in an affidvait of counsel attached to the motion, itself, in

which counsel stated, in effect, that the documents and things sought to be produced were in the custody and control of the defendant and were necessary to a just disposition of the within cause. This was obviously inadequate since it contained simply the unsupported conclusions of counsel and afforded no facts upon which the court could base its exercise of discretion."

With this statement we agree. Here, except for paragraph four of the affidavit of Allison's counsel, the affidavit does not afford facts upon which the trial court could base its exercise of discretion. It does not explain why the medical reports, claims, x-rays and other categories of information listed in the subpoena duces tecum were "unobtainable in any other way." Unlike paragraph four which states that the "scaffolding is no longer in existence, but photographs and portions of it are * * * in the possession of the Industrial Commission," paragraphs five and six simply assert that the medical reports, etc., are "unobtainable in any other way" without advancing any reason or reasons as to why they are "unobtainable in any other way." For example, since the deposition of the records custodian on 27 January 1969 disclosed the name of the Commission's investigator, the affidavit makes no showing why the results of his investigation could not be discovered by taking his deposition pursuant to Rule 26, Rules of Civil Procedure, 16 A.R.S. By the same token, the deposition of the records custodian on 27 January 1969 also disclosed the name of the physician who treated Kirkpatrick's industrial injury. And yet, the affidavit states that the reports of his examination and treatment of Kirkpatrick's injury were "unobtainable in any other way." We cannot agree. The physician could have been deposed under Rule 26 in the absence of a valid assertion by Kirkpatrick of his physician/client privilege.

In our opinion, the affidavit makes a showing of good cause only with

respect to the photographs of the scaffolding and the portions thereof which are still in the possession of the Commission. The remaining statements in the affidavit are mere conclusions on the part of the affiant and are not supported by facts from which the trial court could conclude, in the exercise of its sound discretion, that good cause existed.

We hold that the trial court abused its discretion in denying petitioner's motion for a protective order and in denying his motion to quash the second subpoena duces tecum insofar as it related to documents, books, papers and other tangible things other than the photographs of the scaffolding and any portions thereof in the possession of The Industrial Commission.

The issuance of the mandate in connection with this opinion will constitute an order vacating the restraint imposed by this Court's order of 14 March 1969 and will authorize further discovery not inconsistent with this opinion.

DONOFRIO, P. J., and CAMERON, J., concur.