471 P.2d 296

Kyle R. MacDONALD and Ina R. MacDonald, husband and wife, and Kyle R. MacDonald, as next friend of his children, Randall MacDonald, Nan MacDonald, and Sue MacDonald, Minors, Petitioners,

v.

Fred J. HYDER, Judge of the Superior Court, in and for the County of Maricopa, Respondent,

George W. LANNING and Susan E. Lanning, husband and wife, Respondents and Real Parties in Interest,

The Industrial Commission of Arizona and the State Compensation Fund, Respondents.

No. I CA–CIV 1363.

Court of Appeals of Arizona,
Division 1,
Department B.

June 16, 1970.

Fennemore, Craig, vonAmmon & Udall, by Silas H. Shultz, Phoenix, for petitioners.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent State Compensation Fund.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Johnson & Tucker, by Arthur M. Johnson, Phoenix, for respondents Lanning.

HAIRE, Judge.

This is an original proceeding in this court for extraordinary relief pursuant to the provisions of the Rules of Procedure for Special Actions, 17 A.R.S. (Supp. 1970). The petitioner, Kyle R. MacDonald, is one of the plaintiffs in a personal injury suit brought by all of the petitioners in the Superior Court against the respondents Lanning. Some months prior to the automobile accident which is the subject of the suit, Kyle R. MacDonald (hereinafter petitioner) suffered an industrial injury described by him as a strain of the lumbosacral spine for which he received temporary Workmen's Compensation benefits. The payment of benefits terminated prior to the automobile accident involving the Lannings. Petitioner asserted in the personal injury suit that as a result of the subsequent automobile accident, he suffered injuries to his spine which necessitated a laminectomy.

The respondents Lanning served the Custodian of Records of the respondent State Compensation Fund with a subpoena commanding him to appear for the taking of a pretrial deposition. The Lannings have also served the Custodian with a subpoena duces tecum commanding him to produce at the deposition "* * * any and all records, reports, notes, memoranda or other data pertaining to Kyle R.

MacDònald."[1] Pètitioner moved in the trial court to quash the subpoenas on two grounds: (1) failure to designate the documents requested with sufficient particularity, and (2) failure to show good cause for their production.[2] The State Compensation Fund did not make any similar motion on its own behalf. It may fairly be stated that the thrust of the Lannings' response to the motion was devoted to a showing of the relevancy and materiality of the records, rather than to a showing of good cause as it is explained by the leading Arizona authorities on the subject.[3] Petitioner's motion was denied by the trial judge and he seeks relief by special action here.

The major ground urged by petitioner is that the respondents Lanning have not shown, as petitioner claims they must, good cause for production of the records by the State Compensation Fund. Petitioner's basic contention is that when a party seeks production of documents or other things from a non-party witness, it is incumbent upon the party to show good cause for production if the existence of good cause is called into question by the opposing party, as by a motion to quash. For the proposition that a party is required to show good cause for the production of records by a non-party witness, petitioner relies principally upon State Farm Insurance Co. v. Roberts, 97 Ariz. 169, 398 P.2d 671 (1965), and Kirkpatrick v. Industrial Commission, 10 Ariz.App. 564, 460 P.2d 670 (1969). In petitioner's view the Kirkpatrick case is "on all fours" with, and decisive of, the present matter.

At the heart of the problem before us is the relationship between Rules 34 and 45 of the Rules of Civil Procedure, 16 A.R. S. Rule 34 defines the circumstances under which a *party* will be required to produce documents or things for inspection or copying by an opposing party. The opposing party is under no compulsion to produce the requested documents or things until entry of an order by the court directing the party to produce pursuant to Rule 34. Such an order can be entered under the terms of Rule 34 only "[u]pon motion of any *party showing good cause therefor* * * *." (Emphasis added.) Rule 45, on the other hand, is concerned with the issuance of subpoenas to witnesses, generally. Although Rule 45 makes no reference to any dichotomized types of the unitary "subpoena" to which it refers or to the old Latin designations, it plainly includes within its scope both of what were formerly known as *subpoenas ad testificandum* (the ordinary subpoena or subpoena to testify) and *subpoenas duces tecum* (which commands a witness to "bring with you" designated items).[4] Rule 45(e) is specifically concerned with subpoenas directed to deponents whose testimony is sought in connection with pretrial discovery proceedings. Rule 45(e) states in part:

"The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b), but in that event

1. It is not entirely clear from the petition whether a similar set of subpoenas was served upon the Custodian of Records of the Industrial Commission, although the Commission is a named respondent here.

2. By broadest interpretation, petitioner's motion attacked both the subpoena ad testificandum and the subpoena duces tecum. However, as indicated, the grounds of the motion were directed exclusively against the subpoena duces tecum. It alone is placed in issue here.

3. See Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R.2d 1 (1958); Watts v. Superior Court, 87 Ariz. 1, 347 P.2d 565 (1959); State Farm Ins. Co. v. Roberts, 97 Ariz. 169, 398 P.2d 671 (1965); Zimmerman v. Superior Court, 98 Ariz. 85, 402 P.2d 212 (1965).

4. See Black's Law Dictionary under "subpoena", "subpoena ad testificandum", "subpoena duces tecum", and "duces tecum". (Black's Law Dictionary 588, 1595 (4th ed. 1957).)

the subpoena will be subject to the provisions of subdivision (c) of Rule 30 and subdivision (b) of this Rule 45."

In contrast with the practice under Rule 34 in regard to *orders for production, subpoenas* are issuable pursuant to Rule 45 as a matter of course by the Clerk of the Superior Court upon *ex parte* application. There is no provision in Rule 45 or in any of the other rules to which it refers [5] which expressly requires that good cause be shown with respect to items sought to be produced by a subpoena duces tecum.

On its face, therefore, Rule 45 lends no support to petitioner's contention that a party who has caused a subpoena duces tecum to issue to a non-party witness must show good cause for the commanded production when called upon to do so by an opposing party. Petitioner, however, cites as the crux and basis of his position the following portion of Kirkpatrick, *supra:*

> "Even though Rule 45 makes no reference to good cause, the majority of courts, including the Arizona Supreme Court, have read the good cause requirement of Rule 34 into Rule 45. State Farm Insurance Company v. Roberts, 97 Ariz. 169, 398 P.2d 671 (1965)." (10 Ariz.App. at 570, 460 P.2d at 676).

A similar statement is found in another recent decision of this court, City of Phoenix v. Peterson, 11 Ariz.App. 136, 140, 462 P.2d 829, 833 (1969):

> "Petitioners correctly point out that the requirement of good cause, though not stated as in Rule 34 of our Rules of Civil Procedure, 16 A.R.S., is read into the subpoena provisions of Rule 45. State Farm Ins. Co. v. Roberts, 97 Ariz. 169, 177–178, 398 P.2d 671, 676 (1965)."

Read by themselves, these excerpts seem to lend solid support to petitioner's position. However, a close reading of both cases and especially of the root State Farm decision to which both refer makes it clear that the rule set forth in the excerpts

is intended to have effect only when a subpoena duces tecum has been served upon one who is a *party* (in either a technical or *de facto* sense) to the litigation.

In State Farm Insurance Co. v. Roberts, *supra,* the plaintiffs in a personal injury suit moved pursuant to Rule 34 to require the defendant's insurance carrier to produce the defendant's statement taken by its adjuster shortly after the accident in question. The insurance carrier was not a party to the suit. The trial judge found that good cause existed, and ordered production of the statement. The insurance carrier refused to produce the statement, and in its refusal it stated that it would take the same position with respect to production if the statement were sought in a deposition proceeding pursuant to Rules 26 and 45. The Arizona Supreme Court's opinion indicates that the trial judge may have found the insurer in contempt on the basis of its statement formalized into a stipulation, that it would refuse to produce the statement if ordered to do so by a subpoena duces tecum issued pursuant to Rule 45.

On appeal, our Supreme Court upheld the contempt order as a sanction for the violation of either Rule 34 or 45. Insofar as is pertinent here, the court answered in the affirmative the question of " * * * whether a showing of good cause is necessary where production is sought by means of the deposition—subpoena duces tecum method." 97 Ariz. at 177, 398 P.2d at 676. Prior to stating this question, however, the court had already made the following statements with respect to the insurance carrier's status in the case:

> "As a practical matter State Farm is the real litigant here and it is in fact defending the case on behalf of defendant. State Farm, therefore, stands in the position of a party to this action, at least for the purposes of discovery." (97 Ariz. at 176, 398 P.2d at 675.)

---

5. *Cf.* Rules 26(b), 30(c) and 45(b), referred to in that portion of Rule 45(e) quoted above. By contrast, a court may enter a protective order under Rule 30 (c) "for good cause shown" by the party or deponent to be examined.

After stating the indicated question and discussing the authorities on the subject, the opinion states, at 97 Ariz. 178, 398 P.2d 676:

> "Having already determined that for the purposes of discovery State Farm is a party to this action, it is our opinion that plaintiffs had the burden of showing good cause when the subpoena was challenged by motion."

It is thus abundantly clear that the reading of the good cause requirement into Rule 45 in State Farm is predicated upon the insurance carrier's status as a *de facto* party (for discovery purposes) to the litigation.

Although the Kirkpatrick case is in some respects factually and procedurally similar to the present case, it has a critical difference. The petitioning plaintiff in Kirkpatrick had applied for and recovered Workmen's Compensation benefits from his employer's compensation carrier, the Industrial Commission, prior to the time that he filed suit against third parties to recover for *the same industrially-related* injury. It was urged by the petitioner in Kirkpatrick in one part of his argument resisting production of Industrial Commission records that the Commission was "a party by the force of A.R.S. § 23–1023". 10 Ariz.App. at 568, 460 P.2d at 674. A.R.S. § 23–1023, as amended, gives a compensation carrier a lien upon the collectible proceeds of a judgment against third party tort-feasors, and a right to disapprove a compromise of a claim against such persons under certain circumstances. While the court in Kirkpatrick denied petitioner's contention that the alleged "party" status of the Industrial Commission prohibited the use of a Rule 45 subpoena duces tecum, it did not reject petitioner's argument that the Industrial Commission occupied such status. This factor and the court's careful qualifying

language as to the scope of the decision in the second paragraph of the opinion indicate that the excerpt quoted above concerning good cause for production of records by a subpoena duces tecum was not intended to apply across the board to both party and non-party witnesses.

In City of Phoenix v. Peterson, *supra,* the City of Phoenix was itself a named party defendant in the action and the subpoena duces tecum was directed to the Custodian of the City's Police Department. As in Kirkpatrick, the excerpt quoted above relating to the necessity of showing good cause for items sought by subpoena duces tecum must be read in the light of these critical facts.

 Properly read in the light of their facts, these and a number of other cases construing the Federal Rules [6] stand for the proposition that a litigant cannot circumvent the good cause requirement of Rule 34 by the simple expedient of deposing an opposing *party* and serving him with a subpoena duces tecum commanding him to produce records or other things which are properly the subject of an order under Rule 34. Any other holding would practically nullify Rule 34, which is specifically directed to production by a party and which must prevail in that sphere over the generalized provisions of Rule 45, which applies to all witnesses. And, as our Supreme Court's decision in the State Farm case makes clear, the term "party" as used in Rule 34 is not to be given a strictly technical interpretation.

But we have not found any reasoned authority which holds, on appropriate facts, that the good cause requirement is to be read into Rule 45 insofar as it relates to subpoenas duces tecum directed to non-party witnesses.[7] One of the few cases in

---

6. See, e. g., Alexander's Department Stores, Inc. v. E. J. Korvette, Inc., 198 F.Supp. 28 (S.D.N.Y.1961), and cases cited.

7. *Cf.* Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965), cert. denied, 380 U.S. 964, 85 S.Ct. 1110,

14 L.Ed.2d 155 (1965); Boeing Airplane Co. v. Coggeshall, 108 U.S.App. D.C. 106, 280 F.2d 654 (1960); United States v. American Optical Co., 39 F.R.D. 580 (N.D.Cal.1966); Bada Co. v. Montgomery Ward & Co., 32 F.R.D. 208 (E.D. Tenn.1963). These cases appear to as-

which the issue is clearly presented and effectively disposed of is Shepherd v. Castle, 20 F.R.D. 184 (W.D.Mo.1957). In Shepherd, the defendant in a personal injury suit served a subpoena duces tecum on a claims adjuster for a non-party workmen's compensation carrier which was paying the plaintiff compensation benefits for the same injury which was the subject matter of the personal injury suit. The compensation carrier moved to quash the subpoena on the basis of the "work-product" doctrine and the lack of an attempt on the part of the defendant to show good cause and also apparently upon other grounds not pertinent here. We quote from the court's opinion:[8]

"Rules 34 and 45(b) should 'be considered in *pari materia* as far as scope of examination is concerned, if a subpoena duces tecum is directed to a *party,* particularly at a deposition hearing * *.'" Moore's Fed.Proc., 2d Ed., Vol. 5, p. 1722. But, there is no language in Rule 34 that demands any such *pari materia* consideration thereof with Rule 45(b), where a subpoena duces tecum is directed to a *witness not a party* to the action. The only restriction under Rule 45(b), upon production by way of subpoena duces tecum directed to a witness, not a party to an action, is that the demand of the subpoena be not 'unreasonable and oppressive,' or that the call for documents made therein be conditioned 'upon the advancement * * * of the reasonable cost of producing the books, papers, documents, or tangible things.' "

* * * * * *

"Rule 45(d) does not provide a means of discovery procedure. Said rule merely provides for the usual issuance of a subpoena duces tecum, which incidentally permits a pretrial inspection of documents, etc., in connection with the taking of depositions. When a subpoena duces tecum is issued pursuant to Rule 45(d) to a non-party witness, a motion to quash or limit the scope thereof cannot be determined by a consideration of 'good cause' as reviewed in Hickman v. Taylor, [329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451] supra. The only limitation to be placed on the command of a subpoena duces tecum issued pursuant to Rule 45(d), in the present situation, is that

sume rather than conclude on the basis of any logical reasoning that good cause is a requirement of a subpoena duces tecum addressed to a non-party. The Covey Oil case and the Boeing case refer to the "for good cause shown" language of Federal Rule 30(b), which corresponds with Arizona's Rule 30(c). This subdivision of Rule 30, however, relates to protective orders, see note 5, *supra*, and it logically follows that the burden of showing the "good cause" required for entry of a protective order is upon the party or witness to be examined. The "good cause" referred to in Federal Rule 30(b) and our 30(c) is required to be shown by an examinee to obtain a shield, not that required to be shown by the examining party under Rule 34 in order to throw a spear. In Boeing, moreover, the controversy was between the Boeing Airplane Co. and the United States, and the subpoenas duces tecum in question were directed to the United States Renegotiation Board and one of its regional arms, the Board being an agency of the United States. Our Supreme Court cited the Boeing case in its State Farm decision immediately after a statement to the effect that the good cause requirement of Rule 34 is read into Rule 45 " * * * particularly where the document sought by subpoena duces tecum is directed to a party to the action." 97 Ariz. at 177, 398 P.2d at 676. The American Optical decision merely follows the language of Covey Oil and Boeing. The Bada case takes broad liberties with Judge Maris' well-regarded and oft-cited decision in Alltmont v. United States, 177 F.2d 971 (3d Cir. 1949) cert. denied, 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 (1950). Altmont was not concerned with the subject of subpoenas duces tecum, and it is not authority, as Bada states it is, for the stated proposition that "Witnesses, as well as the opposing party, may interpose the objection [of lack of good cause for production under a subpoena duces tecum]." Bada, at 32 F.R.D. 210.

8. In reading the following passages it should be borne in mind that Federal Rule 45(d) corresponds with Rule 45 (e) of our Rules of Civil Procedure.

provided in Rule 45(b) itself, or a protective order under Rule 30(b). Under either said rule, a court may consider the 'good faith' of a party in relation to avoidance of 'annoyance, embarrassment, or oppression,' but that is not the 'good cause' proposition that was considered in Hickman v. Taylor, supra.

"When a limitation order is sought, under Rule 45(b) or 30(b), it should be made by the person to whom the subpoena duces tecum is directed. He is the one who suffers from any 'annoyance, embarrassment or oppression' caused thereby, or to be protected under Rule 30(b). Cf. McNelley v. Perry, D.C., 18 F.R.D. 360. Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a non-party witness, the party to the action has no right to relief under Rule 45(b) or 30(b). Procedure for an application by motion to that purpose by a witness (non-party) is clearly contemplated by Rule 45(b) and specifically granted in Rule 30(b)."

\* \* \* \* \* \*

"Therefore, where the deposition of a person, not a party to the action, is sought to be taken, and subpoena duces tecum is issued under Rule 45(d), Federal Rules Civil Procedure, there is no provision in the Federal Rules of Civil Procedure whereby a witness, who is not a party to the action can raise the question of 'good cause' for the production of documents sought by subpoena duces tecum, as considered in Hickman v. Taylor. A witness who is not a party to an action is not privileged to raise the question of 'good cause' any more than such witness can raise the question of materi-

ality or relevancy of documents sought by subpoena duces tecum. [Citations omitted]. That being so, then plaintiff is in no better position under the present factual situation than the witness Ludwig would be." (Italics in original). (20 F.R.D. at 187–189).

See also, to the same effect, the reasoned opinion in Cooney v. Sun Shipbuilding & Drydock Co., 288 F.Supp. 708 (E.D. Pa.1968).

■■ It is not suggested in the present case that the State Compensation Fund has any arguable status as a party in the suit pending in the Superior Court between petitioner and the respondents Lanning. That being the case, it is not incumbent upon the respondents Lanning to show good cause for the production sought by their subpoena duces tecum addressed to the Custodian of Records of the Fund. Petitioner also contends here, as he did in the trial court, that the records sought are insufficiently designated. But this, as the Shepherd case makes clear, is not properly petitioner's objection. The right to object is in the witness to whom the subpoena is addressed.

The Shepherd decision, in portions quoted and not quoted above, suggests certain other objections and issues that might be raised with respect to the kind of production sought here. The asserted obligation to demonstrate good cause and the insufficiency of designation of the documents sought are the only issues raised by petitioner in this proceeding.

The petition for extraordinary relief is denied.

EUBANK, P. J., and JACOBSON, J., concur.