925 P.2d 1068

Arthur J. SCHWARTZ, d/b/a Jack Black
Enterprises, Petitioner,

v.

SUPERIOR COURT of the State of Ari-
zona, in and for the COUNTY OF MAR-
ICOPA; William J. Schafer, III, a judge
thereof, Respondent Judge,

STATE of Arizona, Real
Party in Interest.

No. 1 CA–SA 96–0205.

Court of Appeals of Arizona,
Division 1, Department D.

Sept. 24, 1996.

Norling, Kolstrud, Sifferman, Svejda & Davis, P.L.C. by Mark S. Sifferman and Law Offices of David L. Knapper by David L. Knapper, Phoenix, for Petitioner.

Grant Woods, the Attorney General by Joseph A. Kanefield, Assistant Attorney General, Phoenix, for the State of Arizona.

TOCI, Judge.

Arthur J. Schwartz is an events promoter by profession. He petitioned this court for special action relief from the tax court's order directing him to comply with a subpoena duces tecum issued by the Arizona Department of Revenue ("DOR"). We accepted jurisdiction of his petition and granted the requested relief. This opinion explains our decision.

## I. JURISDICTIONAL ARGUMENT

██ We agree with petitioner that this case is one in which no plain, adequate or speedy remedy by appeal exists; the judge's oral order directing Schwartz to comply with the subpoena duces tecum was unsigned, and no final order holding him in contempt has yet been issued. *See* Ariz. R. Spec. Ac. 1. Further, this is a pure question of law and one of first impression. *See Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 210, 841 P.2d 198, 205 (1992). Finally, our decision relieves petitioner of having to comply with an unlawful order. We therefore exercised our discretion and granted jurisdiction.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 9, 1995, DOR issued a subpoena duces tecum to petitioner directing him "to appear and to produce books, papers, and other documents which may be relevant to the powers and duties of the Department." Specifically, it ordered him to produce the "name, address, city, state, and zip code of all vendors affiliated with" eighteen specified events that had taken place between February and December 1995. According to their counsel, DOR wanted the information "to determine which vendors, if any, were not licensed with the Department as retailers for privilege tax purposes." The vendors who attend petitioner's shows sell goods to the public, and these sales are subject to the Arizona transaction privilege tax. DOR apparently believed that some vendors might be avoiding either the licensing or tax requirements.

In December 1994, DOR had served Schwartz with a similar subpoena seeking vendor names and addresses, which Schwartz unsuccessfully sought to quash. When this court declined jurisdiction of his special action petition, Schwartz complied with the subpoena and produced the names and addresses in late May 1995. After doing so, however, he altered a computer program used in running his business to delete vendor addresses from his business records. The

deletion of addresses was complete by September 1995, at which time Schwartz informed DOR that he could not provide vendor addresses in the future.

Schwartz moved to quash the December 1995 subpoena on the ground that after altering his computer program, he did not possess the information but that even if he did, DOR had no authority to compel him to provide it. The tax court denied the motion to quash. After Schwartz produced the vendors' names and failed to produce their addresses, DOR filed a motion seeking an order to show cause why the subpoenaed information should not be produced. At the hearing on July 15, 1996, Schwartz admitted that he may once have had the information but no longer did. The judge gave Schwartz until 5:00 p.m. Friday, July 19, to produce the addresses. Schwartz obtained a stay to pursue this special action.

## III. DISCUSSION

### A. Standard of Review

■ If the lower court has denied a motion to quash a subpoena duces tecum, which is not an appealable order, the court's action may be challenged by special action in this court. *Kirkpatrick v. Industrial Comm'n,* 10 Ariz.App. 564, 566, 460 P.2d 670, 672 (1969). We review the lower court decision for an abuse of discretion. *Id.* at 571, 460 P.2d at 677. A court abuses its discretion if a decision is manifestly unreasonable or is based on untenable grounds or if its discretion is exercised for untenable reasons. *Torres v. North Am. Van Lines,* 135 Ariz. 35, 40, 658 P.2d 835, 840 (App.1982).

### B. Tax Court's Refusal To Quash Subpoena

■ Schwartz claims that the trial court abused its discretion in not quashing a subpoena ordering him to produce vendor addresses to assist DOR in investigating the vendors' potential tax obligations and additionally in ordering Schwartz to collect information not in his possession and unrelated to his own tax obligation. We do not condone purposeful destruction of information simply to keep it out of the government's hands.

Destruction of information that may prove relevant to petitioner's own tax obligation is not without risk. We also note, without offering an opinion about its possible application, that a person who destroys physical evidence "with intent that it be ... unavailable *in an official proceeding which is then pending or* which such person knows *is about to be instituted"* may be subject to criminal prosecution. Ariz.Rev.Stat. Ann. ("A.R.S.") § 13–2809(A) (1989) (emphasis added).

■ We now turn to DOR's power to require petitioner to disclose the requested information when no official proceeding is pending. State administrative agencies have no inherent powers; their powers are limited to those granted by statute. *Phoenix v. Phoenix Civil Serv. Bd.,* 169 Ariz. 256, 259, 818 P.2d 241, 244 (App.1991); *Boyce v. City of Scottsdale,* 157 Ariz. 265, 267, 756 P.2d 934, 936 (App.1988). By statute, DOR has the power to require information from taxpayers. A.R.S. section 42–106 provides in part that the director may "issue subpoenas requiring attendance and testimony of witnesses, take evidence and require by subpoena duces tecum the production of books, papers and other documents which may be relevant to the powers and duties of the department." A.R.S. § 42–106(C) (Supp. 1995). DOR does not claim that the vendor addresses are sought in connection with Schwartz's own tax liability or reporting.

■ As an initial matter, Schwartz contends that DOR cannot compel production of books, papers, or documents not in existence. We have found no Arizona case on point, but we agree that one cannot be charged with contempt for failing to comply with a subpoena duces tecum if the requested books, papers, or documents do not exist. *See Fremont Energy Corp. v. Seattle Post Intelligencer,* 688 F.2d 1285 (9th Cir.1982) (one cannot be held in contempt for failing to produce specified documents if the record does not reveal that the documents existed when the subpoena was served); *McGarry v. Secs. and Exch. Comm'n,* 147 F.2d 389, 392 (10th Cir.1945) (nonpossession excuses failure to produce some documents but not failure to produce what is in one's possession);

*Keogh v. Pearson,* 35 F.R.D. 20, 23 (D.D.C. 1964) (one cannot be compelled to produce information not in one's possession); *Fox v. House,* 29 F.Supp. 673, 677 (E.D.Okla.1939) (nonparty who alleges that requested letters were destroyed cannot comply with an order to produce).

DOR asserts that Schwartz possesses the addresses and that the tax court disbelieved his claim to the contrary. The transcript reveals that Schwartz testified under oath that he did not have the addresses, that it would take a long time to get them, and that he resented having to provide data that DOR could obtain for itself.[1] Furthermore, one of the exhibits to the petition for special action indicates that on August 4, 1995, Schwartz purchased a software program to purge the vendor addresses from his computer. Thus, no book, paper, or document existed that contained the sought addresses, and no evidence or testimony controverted Schwartz's statements.

Although the fact finder evaluates a witness' credibility, *Nutter v. Bechtel,* 6 Ariz. App. 501, 505, 433 P.2d 993, 997 (1967), no finding by the tax judge is consistent with DOR's suggested interpretation that the judge believed that Schwartz actually had the addresses. Further, some case law suggests that a judge should not make a contrary finding that documents exist when the subpoenaed person's testimony is undisputed. *Federal Trade Comm'n v. Blaine,* 308 F.Supp. 932, 933 (N.D.Ga.1970) (trial court must find the subpoenaed information does not exist in light of uncontradicted and unimpeached testimony to that effect).

Our conclusion that the court believed that Schwartz did *not* have the addresses is further · supported by the transcript. After Schwartz denied possession, the discussion turned to how he could collect the missing data from trade magazines, personal contacts, or otherwise. Therefore, we detect neither an explicit nor implicit finding that Schwartz possessed the sought addresses. The clear import of the testimony was that he would have to do what DOR otherwise would have to do: look in the telephone directory for local vendors and in trade publications or elsewhere for other vendors.

■■■ Schwartz also argues that if he does not possess the addresses, he cannot be forced to gather them in order to comply with the subpoena. DOR argued in the tax court that Schwartz, even if he did not have the information, "ha[d] access to this information and could obtain access to it," that the information was relevant to DOR's powers and duties, and thus that the court could compel him to collect the addresses. We agree with Schwartz that the subpoena cannot require more than "production" of documents for inspection by the requesting party. *See Application of Slipyan,* 208 Misc. 515, 145 N.Y.S.2d 630, 632, *appeal dismissed,* 286 A.D. 1091, 148 N.Y.S.2d 914 (1955) (agency investigator could not be compelled to complete financial questionnaire attached to a subpoena duces tecum; subpoena carries no authority to compel an affirmative act beyond production of investigator's records as they exist).

Moreover, Schwartz is not a party to a lawsuit, nor is he or any other identified person under investigation. We think that this situation is different from one in which, for example, a court orders a nonparty witness in a lawsuit to produce documents. There, one "presumes ... [that] the items sought are unavailable from a party ... or are not otherwise obtainable by the movant's own efforts." *In re Penn Cent. Comm. Paper Litig.,* 61 F.R.D. 453, 467 (S.D.N.Y.1973). Here, however, it appears that DOR simply wonders whether taxpayers of unknown identity exist. And although information about other potential taxpayers may be relevant to DOR's duties, we are not convinced that the statute authorizes a fishing expedition at an individual taxpayer's expense.

DOR concedes that it could obtain the addresses with its own resources but contends that to approach individual vendors at the shows is "wasteful and intrusive" and that it has chosen the least intrusive means of gathering the addresses. Absent legislative authority requiring the taxpayer to bear

---

1. Schwartz stated, "I have invited them to the shows. They could sit down at the table when dealers check in and get names and addresses right on the spot."

the burden of gathering this information, however, the burden of waste and intrusion must fall on DOR, rather than the taxpayer.

■ DOR additionally suggested to the tax court that because Schwartz knew or should have known that the agency would want this information, he had an obligation to keep it for DOR's convenience. DOR argued that Schwartz deliberately destroyed the addresses *"in clear circumvention of this Court's order and proceedings last year."* The attorney further stated that Schwartz "testified today that he could ... *maintain this information in the future in case he's asked to produce this information again."* The attorney added, *"The fact is he's required to keep this information,* ... not just to produce it in case the Department of Revenue [wants it]."

We are not persuaded that counsel correctly described Schwartz's obligations to keep information. Schwartz fully complied with the 1994 subpoena and then changed his manner of record keeping to eliminate vendor addresses. Having complied with DOR's first subpoena, Schwartz was under no *continuing* legal obligation to keep vendor addresses unrelated to his own tax obligation. If the legislature had intended to authorize use of the subpoena power to ferret out information related to the potential liability of other unknown taxpayers, or to require the keeping of vendor-related information, it could have done so. For example, California law expressly permits an event promoter, such as petitioner, to "obtain from its vendors written evidence that each vendor holds a valid seller's permit." Promoters may be required to submit a list of all the vendors conducting business with them, both those licensed and unlicensed. Cal. Rev. & Tax. Code § 6073 (West Supp.1996).

Our statutes do not impose a similar burden. A.R.S. section 42–121 permits DOR to "[e]xamine any books, papers, record or memoranda *bearing on the matters required to be included in the return of any taxpayer."* A.R.S. § 42–121(1) (Supp.1995) (emphasis added). It also permits issuance of subpoenas duces tecum "to be served on any person for the purposes of this section." A.R.S. § 42–121(4). But, A.R.S. section 42–114(B) provides that every person "shall keep and preserve suitable records and other books and accounts *necessary to determine the tax for which the person is liable."* (Emphasis added.) DOR does not contend that it seeks the vendor addresses in connection with Schwartz's own tax liability or reporting. Therefore, the addresses do not "bear on matters required to be included" in his return. *See* A.R.S. § 42–121(1).

■ The final issue is whether Schwartz's deliberate destruction of the vendor addresses changes our analysis. We think not, particularly when the information sought is not related to a grand jury or other pending legal proceeding and nothing suggests that Schwartz knew that the sought information would become evidence in a court case or official investigation. *See United States v. Walasek,* 527 F.2d 676, 678 (3d Cir.1975) (conviction for obstructing justice cannot occur without the "pendency of some sort of judicial proceeding which equates to an 'administration of justice' "); 58 Am.Jur.2d *Obstructing Justice* § 22 (1989) (obstructing justice occurs when one destroys evidence required by grand jury subpoena or a pending proceeding). We have found no statute that requires a taxpayer to collect information he is not obligated to keep for purposes of his own tax liability or to keep such information in the future in case DOR asks for it. Therefore, we cannot see how his destruction of the addresses is an act of "bad faith" that would lawfully subject him to punishment for contempt.

### IV. CONCLUSION

We agree with Schwartz that the trial court abused its discretion in failing to quash the subpoena when no investigation of Schwartz or any other identified taxpayer was underway and in ordering Schwartz to gather information not in his possession for DOR's purposes in monitoring the possible tax liabilities of other persons. We accept jurisdiction and grant the requested relief.

THOMPSON, P.J., and FIDEL, J., concur.