NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DWAYNE COLLINS, *Petitioner*.

No. 1 CA-CR 16-0627 PRPC
FILED 8-31-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-154049-001
The Honorable Mark H. Brain, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Dwayne Collins, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

**J O H N S E N**, Judge:

¶1          Dwayne Collins petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure Rule 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          Collins was sentenced in 2013 to 10 years in prison after he pled guilty to two counts of attempted sexual conduct with a minor and one count of attempted molestation of a child, each a Class 3 felony and dangerous crime against children in the second degree.  Pursuant to the plea agreement, the superior court also imposed two concurrent terms of lifetime probation, to commence upon his release from prison.

¶3          In June 2016, Collins filed a petition for "Delayed/Untimely Post-Conviction Relief," in which he claimed that his lifetime terms of probation were illegal and should be reduced to five years.  The superior court found the petition was untimely but ruled that even if Collins had preserved his claim, it would be rejected on the merits.  The superior court pointed out that the statute on which Collins relied, Arizona Revised Statutes § 13-902(E) (2017), has been amended to allow the imposition of lifetime probation for the crimes on which the court imposed probation in his case.

¶4          We will not reverse the superior court's summary dismissal of post-conviction relief proceedings absent an abuse of discretion.  *State v. Watton*, 164 Ariz. 323, 325 (1990).  "A court abuses its discretion if a decision is manifestly unreasonable or is based on untenable grounds," *Schwartz v. Superior Court*, 186 Ariz. 617, 619 (App. 1996), or if the reasons it gives are legally incorrect, *State v. Herrera*, 232 Ariz. 536, 545, ¶ 19 (App. 2013).

¶5          Collins' petition was untimely, and he offers nothing to excuse his failure to file within the statutory timelines.  Moreover, the superior court was correct in concluding that the two lifetime terms of probation imposed on Collins were not illegal under A.R.S. § 13-902.

Therefore, the superior court did not abuse its discretion when it dismissed Collins' petition.

¶6        For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA