993 P.2d 1062

BEAZER HOMES ARIZONA, INC., a Delaware corporation; and Jim Arneson, former qualifying party for Watt/Hancock Homes Of Arizona, Inc., a licensed general contractor, Plaintiffs–Appellants,

v.

Michael GOLDWATER, Registrar of Contractors for the State of Arizona; Steven M. Nelson and Mishawn Nelson, husband and wife, Defendants–Appellees.

No. 1 CA–CV 97–0432.

Court of Appeals of Arizona, Division 1, Department C.

April 20, 1999.

As Corrected May 6, 1999.

Titus, Brueckner & Berry, P.C. by Jon A. Titus and David R. Jordan, Scottsdale, Attorneys for Plaintiffs–Appellants.

1. We have consolidated separate appeals by Beazer Homes Arizona, Inc., and intervenor Jim Arneson from the final order of the superior court. Arneson intervened in the underlying

Zemp, Kapsal, Carpenter & Hazlewood, P.L.L.C by James H. Hazlewood, Scottsdale, Attorneys for Defendants–Appellees.

## OPINION

FIDEL, Presiding Judge.

¶ 1 Does the Registrar of Contractors have jurisdiction to issue remedial orders to a licensed contractor engaged in residential development, or does the Department of Real Estate have exclusive remedial jurisdiction, when home buyers complain that a real estate agent employed by the contractor induced them by misrepresentation to contract with the contractor to build them a new home? We answer that question in this appeal.

### BACKGROUND

¶ 2 The superior court affirmed the decision of the Registrar of Contractors to revoke the contracting licenses of Beazer Homes Arizona, Inc. and its predecessor in interest, Watt/Hancock Homes of Arizona, Inc. (collectively the appellants),[1] unless they installed a retaining wall at the home of Steven and Mishawn Nelson by a date certain.

¶ 3 The Nelsons had contracted for the construction of a new home in a Watt/Hancock development called Legacy at the Pointe. Because the development was built upon a hillside, the appellants used raised berms of dirt and sometimes added retaining walls to adjust the levelled lots to the hillside slope. Model home lots shown to the public had retaining walls.

¶ 4 Appellants' commissioned employee, C. Jay Minkner, Jr., sold the Nelsons their lot and was held out to them by the appellants as the person who would "keep [them] informed ... from start of construction through ... close of escrow and answer any questions [they] may have." Minkner was not only the appellants' employee, but a licensed real estate agent as well.

proceedings because, as the former qualifying party for Watt/Hancock, he faced the potential revocation of his own license if the license of Watt/Hancock was revoked.

¶ 5 When Minkner showed the Nelsons their lot, they expressed concern over the presence of what the Registrar later described as "a sizable berm or dirt mound along the North side of the property." Minkner responded, the Registrar found, by assuring the Nelsons that the condition "would be treated by reducing some of the size and by providing a retaining wall against the rather steep slope of the berm." In reliance upon this representation, the Nelsons contracted with the appellants for purchase of the lot and a new home.

¶ 6 As construction of the Nelson home advanced, Minkner repeatedly assured them that a wall would be installed, but the assurances were false. The appellants had informed their sales representatives which lots were intended for retaining walls; the Nelsons' lot was not among them; the Nelsons' lot had been designated from the start for a berm alone.

¶ 7 The Nelsons did not learn that they had been misled until construction neared an end, when the appellants terminated Minkner's employment and assigned them a new representative. The new representative, informed by the Nelsons that they expected a retaining wall, investigated and reported back that the appellants intended only to "rake down" the berm and not to build a wall.

¶ 8 Unable to resolve the matter, the Nelsons filed a complaint with the Registrar of Contractors. The appellants moved to dismiss, alleging that the Registrar lacked subject matter jurisdiction to review sales practices engaged in by real estate agents licensed by the Arizona Department of Real Estate. The Registrar denied the motion, which was renewed and denied again.

¶ 9 After an eventual hearing on the merits, the Administrative Law Judge found that the appellants had violated Ariz.Rev.Stat. Ann. ("A.R.S.") § 32–1154(A)(7) [2] by failing to install the retaining wall at the Nelsons'

residence, and recommended that the Registrar revoke the appellants' license unless they provided confirmation within twenty days that they had partially reduced the size of the berm and constructed a retaining wall. The Registrar adopted this order.

¶ 10 The appellants continued their attack on the Registrar's jurisdiction in their complaint to the superior court for judicial review of the Registrar's decision. The trial court affirmed the Registrar's jurisdiction and decision, awarded the Nelsons $6,400 in attorneys' fees,[3] and stayed its decision pending the resolution of this further appeal.

### THE JURISDICTION OF THE REGISTRAR OF CONTRACTORS

¶ 11 The appellants do not attack the merits of the Registrar's decision, but the Registrar's jurisdiction to take action under the circumstances of this case. The jurisdiction and powers of any state agency are strictly limited by the terms of the statute that creates the agency. *See, e.g., Schwartz v. Superior Ct.,* 186 Ariz. 617, 619, 925 P.2d 1068, 1070 (App.1996). Whether an agency has acted within its statutory jurisdiction is a question of statutory interpretation and is subject to de novo judicial review. *See Transportation Ins. Co. v. Bruining,* 186 Ariz. 224, 226, 921 P.2d 24, 26 (1996).

¶ 12 A.R.S. § 32–1154(B) authorizes the Registrar to suspend or revoke the license of a contractor who commits an act set forth in A.R.S. § 32–1154(A). That statute states in part:

A. The holder of a license or any person listed on a license pursuant to this chapter shall not commit any of the following acts or omissions:

. . . .

7. The doing of a wrongful or fraudulent act by the licensee *as a contractor* resulting in another person being substantially injured.

---

2. This provision subjects a contractor to discipline for "[t]he doing of a wrongful or fraudulent act by the licensee as a contractor resulting in another person being substantially injured."

3. The appellants also appeal the award of attorneys' fees. We dispose of that portion of the appeal in a separate memorandum decision pursuant to Rule 28(g), Arizona Rules of Civil Appellate Procedure.

(Emphasis added.) The Registrar concluded that the appellants had violated A.R.S. § 32–1154(A)(7) by making the material misrepresentation that a retaining wall would be included in the construction of the Nelsons' new home.

■ ¶ 13 In contending that Minkner's misrepresentation fell within the exclusive jurisdiction of the Department of Real Estate, the appellants overlook that he was acting in the Nelson transaction not only as real estate agent but as the appellants' commissioned employee. His act was their act, and their acts as licensed contractors were subject to the regulatory authority of the Registrar. The Arizona Revised Statutes define a "contractor" to include a corporation that, "for compensation, undertakes to or *offers to undertake to* ... construct ... any building...." A.R.S. § 32–1101(A)(3)(a) (Supp.1998) (emphasis added). When Minkner, acting as the appellants' agent and employee, represented to the Nelsons that their new home would include a retaining wall along the berm, he was engaged in contracting, for he was conveying an "offer[ ] to undertake to ... construct ... [a] building" within the meaning of A.R.S. § 32–1101(A)(3)(a). Because his representation was wrongful or fraudulent and substantially injurious to the Nelsons, it subjected his employers, the appellant contractors, to discipline under A.R.S. § 32–1154(A)(7) and (B).

■ ¶ 14 Explaining why Minkner's misrepresentation constituted a wrongful or fraudulent act "as a contractor," the trial court stated, "sustaining the integrity of representations made by the builder's representative in inducing the consumer to contract is part of contracting." We agree. We add that, by exercising jurisdiction in this case, the Registrar fulfilled its statutory purpose and the general purpose of licensing contractors, which is to regulate the conduct of contracting and protect the public from unscrupulous acts. *See Security Ins. Co. of New Haven v. Day*, 6 Ariz.App. 403, 406, 433 P.2d 54, 57 (1967).

■ ¶ 15 We recognize that Minkner, as a licensed real estate agent, may also have been subject to discipline by the Department of Real Estate. *See* A.R.S. §§ 32–2108(A) and –2153 (Supp.1998) (setting forth powers of Commissioner of Department of Real Estate to investigate actions of real estate salespersons and brokers and to discipline those who commit certain violations). However, separate agencies may investigate the same conduct in separate proceedings. *See SEC v. Jos. Schlitz Brewing Co.*, 452 F.Supp. 824, 828 (E.D.Wis.1978); *see also* Ariz. Op. Atty. Gen. No. I79–120 (1979) (approving action by Registrar regarding contractor's safety violations although another state agency was conducting simultaneous proceedings regarding the same misconduct).

¶ 16 The appellants argue against concurrent agency jurisdiction, suggesting that it will delay decision-making and foment duplicative proceedings. But there is no indication in this record that the Nelsons have pursued this matter with the Department of Real Estate or that the appellants have been faced with duplicative proceedings or agency delay. Further, we see no reason why complementary proceedings cannot be responsibly conducted before two agencies when matters subject to overlapping authority arise. That the Registrar undertook to provide the Nelsons a remedy against its contractor licensees did not negate, inhibit, or collide with the ability of the Department of Real Estate to regulate the conduct of Minkner, a real estate agent-licensee.

¶ 17 Finally, we reject the appellants' contention that this ruling invests the Registrar with vast authority to review, and discipline a contractor for, the acts of anyone the contractor employs—a lawyer or accountant, for example. The Registrar's authority is circumscribed by statute. The wrongful acts in question fell within the definition of "contracting" set forth in A.R.S. § 32–1101(A)(3)(a) and subjected appellants to the Registrar's disciplinary and remedial authority under A.R.S. § 32–1154(A)(7) and (B).

Affirmed.

CONCURRING: JEFFERSON L. LANKFORD, Judge, and SARAH D. GRANT, Judge.