136 P.3d 232

**BUTCH RANDOLPH & ASSOCIATES, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey surety, Defendant/Appellant.**

No. 1 CA–CV 05–0171.

Court of Appeals of Arizona, Division 1, Department B.

June 13, 2006.

---

Dillingham & Reynolds, L.L.P. By John L. Dillingham, Phoenix, Attorneys for Appellee.

Jennings Haug & Cunningham, L.L.P. By Chad L. Schexnayder, Matthew H. Sloan, William F. Begley, Phoenix, Attorneys for Appellant.

## OPINION

LANKFORD, Presiding Judge.

¶ 1 A surety, International Fidelity Insurance Company, appeals a summary judgment in favor of a subcontractor, Butch Randolph & Associates, Inc. The issue on appeal is whether the subcontractor is disqualified from recovery of the value of materials against the surety's construction payment bond because subcontractor is not a licensed contractor. We affirm the judgment for the subcontractor because it was not required to be licensed on these facts.

¶ 2 The facts are undisputed. Diamond Building Group, Inc., was the general contractor on a municipal park project in Glendale. The contractor obtained from the surety a $2.2 million statutory payment bond pursuant to Arizona Revised Statutes ("A.R.S.") section 34–222 (2000).

¶ 3 The subcontractor, a park and playground equipment seller, agreed to supply barbecue grills and ramadas for the park project. The contract price for the grills and ramadas was $60,571, and the total contract price including installation was $73,971. The subcontractor was not a licensed contractor at any relevant time. However, a licensed contractor installed the grills and ramadas.

¶ 4 The contractor, Diamond, failed to pay subcontractor for providing the grills and ramadas. When the surety failed to pay subcontractor's claim for payment, the subcontractor sued for the price of the grills and ramadas, $60,571.[1]

¶ 5 The surety contended that the subcontractor was barred from recovery for the materials it supplied because it was not a licensed contractor. The superior court determined that the subcontractor was exempt from the licensing requirement and entered judgment in its favor for the value of the materials.

¶ 6 The surety timely appealed. Our jurisdiction rests on A.R.S. § 12–2101(B) (2003). We review the summary judgment de novo. *United Bank of Ariz. v. Allyn,* 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App.1990).

¶ 7 The superior court correctly decided that the subcontractor was not barred from recovery. The statute that bars recovery by unlicensed contractors is A.R.S. § 32–1153 (2002). It provides that no contractor shall "commence or maintain any action ... for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving" that the contractor "was a duly licensed contractor when the contract ... was entered into and when the alleged cause of action arose."

¶ 8 To determine whether the subcontractor was subject to this provision, we must determine first whether it was a contractor and second whether it was required to be licensed. The subcontractor is a contractor within the meaning of the statute. "Contractor" means any person or organization that:

---

1. The subcontractor did not seek payment for the installation of the grills and ramadas by the licensed contractor. Accordingly, we do not decide whether subcontractor is entitled to payment for installation.

undertakes to or offers to undertake to, ... submits a bid ..., [or] does himself or by or through others, or directly or indirectly supervises others to ... construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building ... or other structure, project, development or improvement....

A.R.S. § 32–1101(A)(3)(a) (2002). The term also includes subcontractors. A.R.S. § 32–1101(B). The subcontractor submitted a bid and entered into a contract to provide and install ramadas and grills for the project. It meets the definition of contractor.

¶ 9 Although it is a contractor, the subcontractor is not necessarily required to be licensed if it is exempt from licensing by statute. Section 32–1121(A)(4) provides that the licensing requirement does not apply to a supplier of materials. It reads:

> Any materialman, manufacturer or retailer furnishing finished products, materials, or articles of merchandise who does not install or attach such items or installs or attaches such items if the total value of the sales contract or transaction involving such items and the cost of the installation or attachment of such items to a structure does not exceed seven hundred fifty dollars including labor, materials and all other items. The materialman, manufacturer or retailer shall inform the purchaser that the installation may also be performed by a licensed contractor whose name and address the purchaser may request.

A.R.S. § 32–1121(A)(4) (Supp.2005). The parties dispute the scope of the exemption.[2] The surety argues that the $750 limit in A.R.S. § 32–1121(A) applies. It contends that any contractor who agrees to a transaction in excess of $750 must be licensed even if the contractor does not "install or attach" the items supplied. On the other hand, the subcontractor contends that a supplier who simply furnishes items and "does not install or attach" them is exempt from the licensing requirement regardless of the cost. Although the subcontractor did not install or

attach any items, the contract price exceeded $750.

¶ 10 The subcontractor is exempt under the facts at hand. The statute creates two exemptions. First, it exempts contractors who merely supply materials and perform no installation. Second, it exempts suppliers of materials who also install them if the value of the transaction does not exceed $750. The two exemptions are independent of each other, and the $750 limit applies only to the second exemption.

¶ 11 This meaning is clear from the statutory language itself. The Legislature used the word "or," placing the two alternatives in the disjunctive: A contractor is exempt if it does not install materials *or* if it installs them but their value is no greater than $750. The subcontractor fell within the first exemption. It did not install the materials; a licensed contractor performed that work.

█ ¶ 12 The surety's interpretation would render a portion of the statute meaningless. We strive to avoid an interpretation that makes parts of a statute "void, inert, redundant, or trivial." *Walker v. City of Scottsdale*, 163 Ariz. 206, 210, 786 P.2d 1057, 1061 (App.1989). Prior to the 1991 amendment, the exemption applied to:

> Any materialman, manufacturer or retailer furnishing finished products, materials or articles of merchandise who does not install or attach such items.

*See* A.R.S. § 32–1121(A)(4) (1990) and 1991 Ariz. Sess. Laws 1415, 1417. The amended statute provides an additional exemption for:

> Any materialman, manufacturer or retailer furnishing finished products, materials or articles of merchandise who ... installs or attaches such items if the total value of the sales contract ... and the cost of the installation ... does not exceed seven hundred fifty dollars....

A.R.S. § 32–1121(A)(4) (Supp.2005). If the Legislature had wished to require licensing of *all* persons furnishing materials with a value of more than $750, it could simply have added the $750 limit and deleted the phrase

---

2. No dispute exists whether the subcontractor informed the purchaser that the installation could be performed by a licensed contractor, and

in fact the installation was performed by a licensed contractor.

"who does not install or attach such items." Instead, the Legislature amended the statute to *add* the phrase "or installs or attaches such items if the total value ... does not exceed seven hundred fifty dollars." *See id.* If the $750 cap applied in any event, the phrase "who does not install or attach such items or installs or attaches such items" would be superfluous. The statute would provide that, for materials valued at not more than $750, the contractor would be exempt if it installs them and would also be exempt if it does not install. We therefore reject the surety's interpretation. The $750 cap applies only to materialmen who install or attach the items.[3]

¶ 13 Our interpretation is consistent with the consumer protection purposes of the statute. *See, e.g., Beazer Homes Ariz., Inc. v. Goldwater,* 196 Ariz. 98, 101, ¶ 14, 993 P.2d 1062, 1065 (App.1999) (purpose is to protect the public). The last sentence of the amended statute provides that "[t]he materialman, manufacturer or retailer shall inform the purchaser that the installation may also be performed by a licensed contractor whose name and address the purchaser may request." A.R.S. § 32–1121(A)(4). This requirement adequately protects the property owner or consumer from unqualified, unlicensed contractors performing the work. When a licensed contractor is employed to perform the installation—as in this case—the licensed installer is regulated by the statutes and is responsible for its work under the statutes. *See* A.R.S. § 32–1154 (Supp.2005) ("Grounds for suspension or revocation of license").

¶ 14 The subcontractor is not barred from recovery for the materials merely because its contract included both materials and installation by another, licensed contractor. The consumer protection purpose of the statute is fulfilled because the owner is protected against faulty work by the licensed status of the installer. The owner receives no less protection than if he had contracted separately for installation and materials. The statutory language defines the exemption based on whether the supplier "installs or attaches" the materials. A.R.S. § 32–1121(A)(4). A supplier who "does not install or attach" is exempt. *Id.*

¶ 15 Because the subcontractor did not perform any installation work, it is exempt from the licensing requirement. Consequently, the statute does not bar it from recovery against the payment bond and the superior court did not err in allowing recovery.

¶ 16 Our decision is supported by *Topro Services, Inc. v. McCarthy Western Constructors, Inc.,* 856 F.Supp. 1461 (D.Colo. 1994). The court interpreted the Arizona statute and held, under similar circumstances, that the exemption applied. *Topro,* a subcontractor, had agreed to supply and install certain equipment. *Id.* at 1465. *Topro* contended that the section 32–1121(A)(4) exemption from the licensing requirement applied because it had hired licensed contractors to perform the installation. *Id.* The general contractor argued that the $750 limit applies to an unlicensed contractor who merely supplies but does not install an item for more than $750. *Id.*

¶ 17 The *Topro* court held that the subcontractor was exempt. The court focused on the 1991 legislative amendment adding the $750 limit. The court interpreted "[t]he amendment [as] an *expansion* of the exemption to include those engaged in minor installation work along with those who do not install materials at all." 856 F.Supp. at 1467. It explained that the policy goals of the statutes to protect consumers from unscrupulous and unqualified contractors "are still well protected by the last sentence of § 1121(A)(4), which mandates that '[t]he materialman, manufacturer, or retailer shall inform the purchaser that the installation may also be performed by a licensed contractor whose name and address the purchaser may request.'" *Id.* (quoting A.R.S. § 32–1121(A)(4)).

---

**3.** The surety quotes a Senate fact sheet describing the 1991 amendment as "narrowing [the] exemption." *See* Ariz. State Senate Fact Sheet for H.B. 2110 (1991). This description is contrary to the plain wording of the statute, which manifestly *expands* the exemption from contractors who merely supply materials to add those who install materials for a total price of $750 or less.

¶ 18 The subcontractor requests an award of reasonable attorneys' fees on appeal. As required by A.R.S. § 34–222(F), the bond provides that "the prevailing party in a suit on this bond shall recover as a part of his judgment such reasonable attorneys' fees as may be fixed by a judge of the Court." Accordingly, we grant the subcontractor's fee request subject to its compliance with Arizona Rule of Civil Appellate Procedure 21.

¶ 19 For these reasons, we affirm the superior court's judgment.

CONCURRING: ANN A. SCOTT TIMMER and G. MURRAY SNOW, Judges.