252 P.3d 1036

**William F. HAHN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**City Of Phoenix, Respondent Employer,**

**City Of Phoenix c/o Pinnacle Risk Management Svcs., Respondent Carrier.**

**No. 1 CA–IC 09–0054.**

Court of Appeals of Arizona, Division 1, Department E.

May 3, 2011.

Tony Zimbalist, Phoenix, Attorney for Professional Firefighters of Arizona, Amicus Curiae.

## OPINION

HALL, Judge.

¶1 This is a special action review of an Industrial Commission of Arizona (ICA) decision denying the petitioner's claim for benefits. The petitioner employee, William F. Hahn (Hahn), contends that the Administrative Law Judge (ALJ) misconstrued Arizona Revised Statutes (A.R.S.) section 23–901.01(B) (Supp. 2010) and erroneously concluded that he was not entitled to a statutory presumption that his cancer is an occupational disease. We agree with the ALJ's construction of the statute and conclude that Hahn could not qualify for the presumption without putting forward some evidence that one of the carcinogens to which he was exposed during his hazardous duty was reasonably related to the type of cancer he has developed. Because he failed to do so, we affirm the denial of Hahn's claim.

## FACTS AND PROCEDURAL HISTORY

¶2 Hahn, age fifty-two, has worked for the City of Phoenix as a firefighter, fire engineer, and fire captain for the last nineteen years. During his employment, Hahn was assigned to hazardous duty for at least five years and was repeatedly exposed to toxins, which he reported to the employer on forty-one occasions. On August 7, 2008, Hahn was diagnosed with colon cancer. Soon thereafter, Hahn submitted a claim for workers' compensation benefits, which the employer denied. Hahn requested a hearing to determine whether his colon cancer was a compensable industrial injury.

¶3 At the hearing, the parties disputed the application of A.R.S. § 23–901.01, which defines occupational diseases and provides a statutory presumption that a disease "arise[s] out of employment" if certain provisions are met. After receiving the testimony of Richard D. Gerkin, M.D., and Edmund Ian Leff, M.D., the ALJ concluded that Hahn failed to present any evidence that any

Taylor & Associates, PLLC By Thomas C. Whitley, Phoenix, Attorneys for Petitioner Employee.

Klein, Lundmark, Barberich & La Mont, P.C. By Kirk A. Barberich, Phoenix, Attorneys for Respondent Employer.

of the carcinogens to which he was exposed was reasonably related to colon cancer and therefore he did not qualify for the statutory presumption.[1] In the absence of the statutory presumption, the ALJ further concluded that "the evidence tends to point to other non-industrial risks as being more predominant such as having a significant family history of rectal and colon cancer, and early discovery of pre-cancerous polyps (mother, sister and brother)." Accordingly, the ALJ denied Hahn's claim for benefits.

¶ 4 Hahn filed a request for review arguing that the ALJ construed A.R.S. § 23–901.01 too narrowly. The ALJ entered a decision upon review affirming her decision. Hahn timely filed this special action to review the ALJ's decision upon review.

## JURISDICTION AND STANDARD OF REVIEW

¶ 5 We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2) (2003), 23–951(A) (1995), and Arizona Rule of Procedure for Special Actions 10. In reviewing ICA awards, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App.2003). Statutory interpretation is a legal issue that we review de novo. *State Comp. Fund v. Superior Court (Hauser)*, 190 Ariz. 371, 374–75, 948 P.2d 499, 502–03 (App.1997). We view the evidence in the light most favorable to upholding the ICA award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App.2002).

## DISCUSSION

¶ 6 As his sole issue on appeal, Hahn contends that the ALJ misconstrued A.R.S. § 23–901.01(B) and argues that he is entitled to the statutory presumption that his colon cancer is an occupational disease.

¶ 7 We liberally construe Arizona's Workers' Compensation Act (the Act) "to effect its purpose of having industry bear its share of the burden of human injury as a cost

of doing business." *Putz v. Indus. Comm'n*, 203 Ariz. 146, 150–51, ¶ 24, 51 P.3d 979, 983–84 (App.2002). A "liberal construction," however, "is not synonymous with a generous interpretation" and we are constrained by the plain language of the Act. *Id.* (internal quotation omitted). Indeed, "[w]hen determining the meaning of a statute, we look first to the plain language of the statute as the most reliable indicator of its meaning." *Nordstrom, Inc. v. Maricopa County*, 207 Ariz. 553, 556, ¶ 10, 88 P.3d 1165, 1168 (App. 2004) (internal quotation omitted). "If the statute's language is clear and unambiguous, we give effect to that language and do not apply any other rule of statutory construction." *Id.; see also City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 554, ¶ 22, 20 P.3d 590, 597 (App.2001). "In interpreting a statute, we are required to read the statute as a whole and give meaningful operation to all of its provisions and ensure an interpretation that does not render meaningless other parts of the statute." *Hanson Aggregates Ariz., Inc. v. Rissling Constr. Group, Inc.*, 212 Ariz. 92, 94, ¶ 6, 127 P.3d 910, 912 (App. 2006).

¶ 8 An employee covered by Arizona's workers' compensation law has a right to receive compensation for a personal injury from any accident arising out of and in the course of employment. Ariz. Const. art. 18, § 8. The Legislature has defined such an injury as including "[a]n occupational disease which is due to causes and conditions characteristic of and peculiar to a particular trade, occupation, process or employment, and not the ordinary diseases to which the general public is exposed, and subject to § 23–901.01." A.R.S. § 23–901(13)(c) (Supp.2010).

¶ 9 The burden is on the claimant to prove by a preponderance of evidence that he is entitled to compensation. *Edmiston v. Indus. Comm'n*, 92 Ariz. 179, 182, 375 P.2d 377, 380 (1962). "In so doing, he must establish that the injury or disease arose out of and in the course of his employment, by showing a causal relationship between the

1. The ALJ found, and the parties did not dispute, that Hahn satisfied the other presumption conditions.

injury and the conditions under which the work was to be performed." *Id.* at 182, 375 P.2d at 379–80. Under A.R.S. § 23–901.01(A), which governs occupational diseases generally, a disease is deemed to "arise out of" employment only if all of the following six requirements exist:

1. There is a direct causal connection between the conditions under which the work is performed and the occupational disease.

2. The disease can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment.

3. The disease can be fairly traced to the employment as the proximate cause.

4. The disease does not come from a hazard to which workers would have been equally exposed outside of the employment.

5. The disease is incidental to the character of the business and not independent of the relation of employer and employee.

6. The disease after its contract appears to have had its origin in a risk connected with the employment, and to have flowed from that source as a natural consequence, although it need not have been foreseen or expected.

¶ 10 Subsection B, however, imposes a lesser burden for certain occupational diseases occurring in firefighters and peace officers:

Notwithstanding subsection A of this section and § 23–1043.01, any disease, infirmity or impairment of a firefighter's or peace officer's health that is caused by brain, bladder, rectal or colon cancer, lymphoma, leukemia or aden carcinoma or mesothelioma of the respiratory tract and that results in disability or death is presumed to be an occupational disease as defined in § 23–901, paragraph 13, subdivision (c) and is deemed to arise out of employment. The presumption is granted if all of the following apply:

1. The firefighter or peace officer passed a physical examination before employment and the examination did not indicate evidence of cancer.

2. The firefighter or peace officer was assigned to hazardous duty for at least five years.

3. The firefighter or peace officer was exposed to a known carcinogen as defined by the international agency for research on cancer and informed the department of this exposure, *and the carcinogen is reasonably related to the cancer.*

(Emphasis added.)

¶ 11 The ALJ found, and the parties agree, that Hahn had colon cancer and that the conditions of subsections (B)(1) and (2) had been satisfied. It is also undisputed that Hahn established the first two elements of (B)(3) because the evidence showed that he was exposed to three known carcinogens during the course of his job duties and reported the exposure to the City. Hahn argues that he need show nothing more to be entitled to the presumption. We disagree.

¶ 12 The third element of subsection (B)(3) requires proof that "the carcinogen is reasonably related to the cancer." In other words, to qualify for the statutory presumption of an occupational disease pursuant to A.R.S. § 23–901.01(B), Hahn had to demonstrate that at least one carcinogen he was exposed to during hazardous duty is reasonably related to colon cancer. As explained by the ALJ:

If the medical evidence showed a causal link between one of these three carcinogens and colon cancer generally, then [Hahn] would be entitled to the presumption, which would eliminate the need to prove that a specific exposure or exposures caused his particular cancer.

Hahn made no attempt to satisfy this requirement, and the ALJ found the presumption was not activated.

¶ 13 Hahn argues on appeal that applying the statute as written by requiring a claimant to prove that a carcinogen to which he was exposed was reasonably related to the cancer he contracted would be contrary to legislative intent. In support of this argument, both Hahn and amicus Professional Firefighters of Arizona (PFA) point out that when introduced as HB 2393, the last sentence of A.R.S. § 23–901.01(B) as proposed provided:

The presumption is granted if the firefighter [2]:

1. Passed a physical examination before employment and the examination did not indicate evidence of cancer.

2. Was assigned to hazardous duty for at least five years.

3. Was exposed to a known carcinogen as defined by the international agency for research on cancer, informed the department of this exposure and *can prove* that the carcinogen is reasonably related to the cancer.

(Emphasis added.)

¶ 14 The "can prove" language was later removed during the bill's consideration by the Committee on Commerce and Economic Development. Bill summaries state that the Committee amended the bill to "eliminate[ ] the requirement to prove that the carcinogen is related to the cancer." *See, e.g., Arizona House* Bill Summary, 2001 Reg. Sess. H.B. 2393, Feb. 27, 2001. Hahn asserts that the amendment was intended to clarify that a firefighter need only prove that he was industrially exposed to a cancer-causing carcinogen, not that the carcinogen has been shown to cause the particular cancer contracted. Moreover, according to Hahn, applying a plain-meaning interpretation to subsection (B)(3) would negate the presumption that the enumerated diseases "arise out of employment" by requiring firefighters to prove, as other claimants are generally required to do pursuant to A.R.S. § 23–901.01(A)(1), "a direct causal connection between the conditions under which the work is performed and the occupational disease."

¶ 15 Similarly, the PFA argues that applying the text of subsection (B)(3) as written creates an absurdity because the "reasonably related" language imposes the same burden as the "proximate cause" requirement in A.R.S. § 23–901.01(A)(3) (requiring the employee to prove that "[t]he disease can be fairly traced to the employment as the proximate cause"), which the legislature intended to eliminate as to firefighters when it added subsection (B) in 2001. *See* Ariz. Sess. Laws 2001, ch. 192, § 1. The PFA's proposed solution to what it characterizes as an "inadvertent oversight" by the Legislature is for us to judicially modify the language of (B)(3) to render it harmonious with the asserted legislative intent. It urges us to delete the language requiring that the claimant show a reasonable relationship between the carcinogen and the cancer, thereby placing on the employer the burden of proving that the carcinogen is not reasonably related to the cancer.

¶ 16 Hahn and the PFA are essentially asking us to declare that the Legislature did not mean what it said. We decline to do so. Contrary to the arguments by Hahn and the PFA, a firefighter need not prove a direct causal connection or proximate cause to establish that a carcinogen is reasonably related to his cancer. Rather, as observed by the ALJ, a firefighter need only show a *general* causal link between a carcinogen to which he was exposed and one of the enumerated cancers to qualify for the presumption, not that the exposure caused his particular cancer. *Cf. Riverview Fire Prot. Dist. v. Workers' Comp. Appeals Bd.,* 23 Cal.App.4th 1120, 28 Cal.Rptr.2d 601, 605 (1994) (construing "reasonable link" language in analogous presumption statute as requiring "less of a showing than 'proximate cause' but more than mere coincidence of exposure and cancer"). Because the presumption in (B)(3) imposes a lesser burden of proof on a claimant than § 23–901.01(A) generally imposes on other claimants, we do not perceive that any absurdity would occur by applying the plain meaning of the text as written.

¶ 17 Further, in the absence of any absurdity, it would be inappropriate for us to delve into the legislative history of a statute that is unambiguous on its face and then proceed to rewrite it in accordance with our view of what the Legislature probably intended but poorly expressed. *See Palmcroft Dev. Co. v. City of Phoenix,* 46 Ariz. 200, 211, 49 P.2d 626, 630 (1935) ("[I]f the language used by [the Legislature] is plain and unambiguous and leads to no absurd result, the courts are not justified in substituting their opinion of

---

2. The statute was amended in 2003 to include peace officers who are regularly assigned to specified hazardous duties. 2003 Ariz. Sess. Laws, ch. 47, § 1.

what was intended for the intent of the Legislature so expressed."); *see also New Sun Bus. Park, LLC v. Yuma County*, 221 Ariz. 43, 47, ¶ 16, 209 P.3d 179, 183 (App.2009) ("[W]e are not at liberty to rewrite statutes under the guise of judicial interpretation.") (quotation omitted); *Hounshell v. White*, 219 Ariz. 381, 388, ¶ 24, 199 P.3d 636, 643 (App. 2008) ("The law is the legislation, not the fact sheets or bill summaries."); *Butch Randolph & Assocs., Inc. v. Int'l Fid. Ins. Co.*, 212 Ariz. 550, 553 n. 3, ¶ 12, 136 P.3d 232, 235 n. 3 (App.2006) (rejecting a Senate fact sheet's description of the impact of an amendment as "contrary to the plain wording of the statute").

¶ 18 Therefore, we conclude that the ALJ correctly construed A.R.S. § 23–901.01(B) as requiring an injured claimant to demonstrate a reasonable relationship between a particu-

lar carcinogen and the claimant's type of cancer in order to qualify for the presumption.[3]

## CONCLUSION

¶ 19 For the foregoing reasons, we affirm the ALJ's decision denying Hahn's claim for benefits.

Concurring: SHELDON H. WEISBERG, Presiding Judge, and JOHN C. GEMMILL, Judge.

---

**3.** Based on our determination that the statutory presumption does not apply here, we need not address its nature and effect when it does apply.

*See generally Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 589–90, ¶¶ 48–50, 65 P.3d 956, 970–71 (App.2003) (discussing presumptions).