NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DUSTIN MATTHEWS, *Petitioner/Appellant*,

*v.*

ROSEANN ROBLES, *Respondent/Appellee*.

No. 1 CA-CV 18-0704 FC
FILED 1-9-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-093973
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Dustin Matthews, Tempe
*Petitioner/Appellant*

Roseann Robles, Avondale
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1 Dustin Matthews ("Father") appeals from the superior court's final judgment entered on October 16, 2018. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Father and Roseann Robles ("Mother") are the biological parents of D.M., born in 2011. The superior court entered an order in December 2013, granting the parties joint legal decision-making authority over D.M., setting a parenting-time schedule, and ordering Mother to pay Father $39.46 in monthly child support.

¶3 Father filed a petition to modify legal decision-making authority, parenting time, and child support in August 2016. The court issued a child support order in February 2017, that increased Mother's child support obligation to $47.05. Further, the court issued an order that granted the parties joint legal decision-making authority and equal parenting time. The court also found a change in circumstances because Mother had moved from Tempe to Avondale, while Father remained in Tempe. Due to the new distance between the parties' residences, the court ordered that the child attend a school equidistant between the parties' homes. D.M. was due to start kindergarten around this time, and the parties agreed he should attend Kenilworth Elementary School in Phoenix via open enrollment.

¶4 On March 29, 2017, Father filed a petition to modify the superior court's child support order, arguing there had been a change in his childcare expenses, a change in his income, and that the court incorrectly found that he received additional income in the form of recurring gifts from family members. Father's petition was denied in May 2017 and he appealed. However, before disposition of the appeal, on February 22, 2018, Father filed a subsequent petition to modify the child support order.

¶5 Pursuant to the February 2017 child support order, if Mother was current on her child support payments as of December 31, 2017, Mother

could claim D.M. on her 2017 tax returns. Although the child support order required that payments be made via the Child Support Clearinghouse, Mother made her payments to Father directly between March and December of 2017, by depositing the ordered amount into his bank account. At the hearing, Father claimed these payments were intended as gifts and that Mother was not current on her child support obligation. Mother claimed she could not pay via the Child Support Clearinghouse as ordered, because the court failed to process the income withholding order properly. Father claimed the child as his dependent for tax year 2017. On March 1, 2018, Mother filed a motion to enforce the tax provision of the child support order.

¶6            Issues then arose regarding decisions involving D.M.'s education. As a result of D.M.'s severe behavioral issues, he was expelled from Kenilworth Elementary after about a week of enrollment. Father and Mother were unable to agree on where to send D.M. for kindergarten after his expulsion. Kenilworth school officials suggested that the parents enroll D.M. in a home district school instead of participating in open enrollment, as the home district school could not expel D.M. for his behavioral issues and would instead be required to provide him services. Neither parent would agree to enroll the child in the home district of the other. On August 15, 2017, Mother filed a Motion for Emergency Order Without Notice and a Petition for Modification of Legal Decision-Making Authority as to Educational Decisions Only. Both the motion and petition requested that Mother be granted sole final legal decision-making authority for the child as to educational issues only.

¶7            In response to Mother's Motion for Emergency Order Without Notice, on August 15, 2017, the court found that an emergency existed, and issued a Post-Decree Temporary Order Without Notice for Modification of Legal Decision-Making Authority. The Temporary Order Without Notice granted Mother sole legal decision-making authority as to educational issues only on a temporary basis and scheduled an evidentiary hearing for August 25, 2017. Mother enrolled D.M. in a school in her home district, Rancho Santa Fe Elementary School.

¶8            After holding an evidentiary hearing on the temporary orders, the court granted Mother final legal decision-making authority for educational issues involving D.M. The court affirmed the parties' joint legal decision-making authority as to all other issues.

¶9            The court held a final evidentiary hearing on October 9, 2018, as to Mother's Petition for Modification of Legal Decision-Making

Authority as to Educational Decisions Only, Father's February 2018 Petition to Modify Child Support, and Mother's Motion to Enforce Order re Tax Exemption Provision. Although not previously requested, in Father's Amended Pretrial Statement, he sought to modify parenting time and the court considered his request. The court granted Mother final legal decision-making authority for educational issues and affirmed the parties' joint legal decision-making authority for all other issues. Additionally, it denied Father's request to modify parenting time as well as Father's Petition to Modify Child Support. Finally, the court found that Mother was current on her child support payments and ordered Father to amend his tax returns by removing D.M. as a dependent for the year 2017 unless the parties agreed to allow Mother to claim D.M. as her dependent in tax year 2018. Father appealed from this judgment.[1]

## DISCUSSION

I.      Motion for Emergency Order Without Notice, Temporary Order, Pretrial Motions, and Post-Trial Motions

**¶10**        As an initial matter, although Father appeals the superior court's October 16, 2018 ruling, he also seeks review of various rulings made before these orders. First, Father raises issues regarding Mother's Motion for Emergency Order Without Notice and the superior court's issuance of the Temporary Order. We lack jurisdiction to consider the superior court's Temporary Order because such orders are not appealable. *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 12 (App. 2017). The proper challenge to a temporary order is by special action, and Father filed a special action with this court, as well as a petition for review with the Arizona Supreme Court. Both courts declined jurisdiction. We do not now consider argument on these issues.

**¶11**        Second, Father argues the superior court abused its discretion by failing to address his Motion for Partial Summary Judgment, Response to Mother's Motion to Continue Trial, Response to Motion to Quash Subpoena Duces Tecum, Request for Sanctions, Motion for Judgment on the Pleadings, and Motion for Admittance and Consideration of Newly

---

[1]        On remand from appeal of the May 2017 orders in *Matthews v. Robles*, 1 CA-CV 17-0494 FC, 2018 WL 4374214 (Ariz. App. Sept. 13, 2018) (mem. decision), the superior court held an evidentiary hearing. As a result of rulings therein, Father has now abandoned his appeal as it pertains to issues of child support and the tax returns, deeming them moot. Therefore, we do not address them.

Discovered Evidence. However, these issues are either untimely raised or unappealable. *See* ARCAP 9(a) (requiring notice of appeal to be filed within thirty days after entry of judgment being appealed); *see also Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 577, ¶ 21 (App. 2015) (noting that the denial of a motion for summary judgment is not reviewable on appeal from a final judgment entered after trial on the merits); *Schwartz v. Superior Court In & For Cty. of Maricopa*, 186 Ariz. 617, 619 (App. 1996) (finding that a superior court's denial of a motion to quash a subpoena duces tecum is not an appealable order but may be challenged by special action). Therefore, we decline to address them.

II.     Petition for Modification of Legal Decision-Making Authority as to Educational Decisions Only

**¶12**     Father argues that the court erred in awarding Mother final decision-making authority for educational issues. We review the superior court's legal decision-making rulings for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). A court abuses its discretion when it commits an error of law in making a discretionary decision, reaches a conclusion without considering evidence, or makes a finding that lacks substantial evidentiary support. *Flying Diamond Airpark, L.L.C. v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) (citation omitted).

**¶13**     First, Father argues that the court erred in modifying the parties' legal decision-making authority because Mother filed her petition earlier than one year after the decree was entered. Under Arizona Revised Statutes ("A.R.S.") section 25-411(A), there is a one-year waiting period when seeking modification of an existing legal decision-making order, unless there is evidence that "the child's present environment may seriously endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-411(A). But "this court 'will not reverse for alleged noncompliance with § 25-411 on appeal absent a showing of prejudice,' and . . . '[e]rrors in preliminary procedures, such as those in § 25-411, must be addressed prior to a resolution on the merits.'" *Sundstrom v. Flatt*, 244 Ariz. 136, 138, ¶ 8 (App. 2017) (quoting *In re Marriage of Dorman*, 198 Ariz. 298, 302-03, ¶¶ 12, 11 (App. 2000).

**¶14**     Moreover, there was evidence to suggest that modification of the parties' legal decision-making authority was necessary to prevent serious endangerment of D.M.'s mental, moral, and emotional health. D.M. was removed from his school, he had severe behavioral issues that needed to be addressed, and the parties' inability to agree on a solution was keeping D.M. from attending school. It was not an abuse of discretion for

the court to allow Mother to file a petition for modification of legal decision-making authority in August, rather than waiting for the one-year period to pass while the child remained out of school.

**¶15**     Father additionally argues the "facts of the case do not support [a finding that] a substantial and continual change" warrants a modification in legal decision-making authority as to educational issues. The superior court must determine whether there has been a material change in circumstances affecting the welfare of the child to modify a legal decision-making or parenting-time order. *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994). The court has broad discretion in making this determination, and we will not disturb its decision absent a clear abuse of discretion. *See id.* Here, the court found that "the child's behavior problems exhibited at school, his expulsion [from] that school, Mother's relocation, Father['s] actions in this litigation, and the parties' increasing inability to cooperate all constitute material changes in circumstances that affect the child's welfare." The court did not abuse its discretion in considering the combination of these facts to be material changes affecting the welfare of the child.

**¶16**     Father next contests the superior court's findings under A.R.S. § 25-403(A). Section 25-403(A) enumerates the factors for the court to consider in determining legal decision making, although the best interests of the child is the primary consideration in awarding legal decision-making authority. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003). After making specific findings under each enumerated factor in A.R.S. § 25-403(A), the superior court also noted that Mother had a more active role in finding a school for D.M. and remarked on the parties' inability to cooperate. Given these considerations, the court found that it was in D.M.'s best interest to grant Mother's request for final legal decision-making authority for educational issues only.

**¶17**     "The trial court is in the best position to judge the credibility of the witnesses, the weight of evidence, and also the reasonable inferences to be drawn therefrom." *Goats v. A.J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 171 (1971). "We view the evidence in the light most favorable to sustaining the trial court's findings and determine whether there was evidence that reasonably supports the court's findings." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998). Here, the evidence reasonably supports the superior court's findings. The record evidences the parties' inability to cooperate regarding D.M.'s education. Additionally, there is evidence that Mother was active in finding a school that would meet D.M.'s needs. Thus,

there was not an abuse of discretion in granting Mother final legal decision-making authority regarding educational issues.

III.    Request to Modify Parenting Time

¶18        Father argues that the superior court erred in failing to modify parenting time. We review the superior court's parenting-time rulings for an abuse of discretion. *Owen*, 206 Ariz. at 420, ¶ 7. As stated above, the superior court must determine whether there has been a material change in circumstances affecting the welfare of the child to modify a parenting-time order. *Canty*, 178 Ariz. at 448.

¶19        The superior court found that there was not a material change in circumstances that justified modification of the parties' parenting time. Although Father alleges Mother's relocation to Avondale and D.M.'s enrollment in a school near her home adversely effects his parenting time, the court found that this did not have an effect on the current parenting-time schedule. The record shows that the superior court ordered the parties to meet at Kenilworth, the school that expelled D.M., at 3:00 p.m. to exchange the child. Father is not required to drive any further than he would if the child remained at a school that was equidistant between the parties' homes. Thus, it was not an abuse of discretion to deny Father's request to modify parenting time.

IV.    Motion for a New Trial

¶20        Father argues that the court erred in denying his Motion for a New Trial. Father argues that Mother untimely disclosed documents to him, and so Mother was required to obtain leave of court to use those documents at trial. The superior court denied his Motion for a New Trial for failure to show prejudice, and Father argues he is not required to demonstrate prejudice. We review the denial of a motion for a new trial for an abuse of discretion. *Jaynes v. McConnell*, 238 Ariz. 211, 215-16, ¶ 13 (App. 2015).

¶21        Arizona Rule of Family Law Procedure ("Rule") 65(c) requires that:

> A party seeking to use information, a witness, or a document that it first disclosed later than the deadline set in a scheduling order or a case management order, or--in the absence of such a deadline--less than 30 days before trial, must obtain leave of court by motion.

¶22        Father argues that Mother was required to obtain leave of court to use documents at trial that were disclosed after the Scheduling Order was issued, but he also later argues that Mother was required to obtain leave of court for documents disclosed thirty days prior to trial. Rule 65(c) states that a party must obtain leave of court if a party seeks to disclose a document "later than the deadline set in the scheduling order." The March 14, 2018 Scheduling Order set a deadline for "all disclosure" to be exchanged "at least 30 days prior to hearing" and for "[a]ll depositions and discovery" to be "completed 15 days before hearing."

¶23        At the hearing, Father argued that he did not receive Mother's pretrial statement until October 2. Father also argued that discovery closed on September 24, and Mother did not respond to requests for production until September 28. The court noted this untimeliness was only a matter of four days. The court allowed the hearing to proceed, although it stated it would allow individual objections to the evidence as it was moved for admission. Father objected only to one document on the grounds that he had never seen the document before. The court overruled the objection, as the document was an email exchange between Father and Mother. Father made no further objections to documents based on Mother's late disclosures.

¶24        The superior court has broad discretion in ruling on disclosure and discovery matters. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013). Although Father argues he does not need to demonstrate Mother's untimely disclosures prejudiced him, we will not disturb a superior court's decision to admit evidence absent a clear abuse of its discretion and resulting prejudice. *Pima County v. Gonzalez*, 193 Ariz. 18, 22, ¶ 14 (App. 1998). Father failed to explain how Mother's late disclosure prejudiced him and prevented him from adequately preparing for the hearing. The superior court did not abuse its discretion in denying Father's Motion for a New Trial.

V.        Attorneys' Fees Awards

¶25        Father argues the superior court erred in failing to grant his request for attorneys' fees and economic loss. He also argues that the court's award of $3,000 to Mother should be vacated. We review the superior court's award of attorneys' fees and costs for an abuse of discretion. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006). We will uphold the court's award of attorneys' fees and costs if it has "any reasonable basis." *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 261, ¶ 27 (App. 1998).

¶26     The family court need not make express findings of fact in support of an award unless such findings are specifically requested. A.R.S. § 25-324(A). As to Father's request for attorneys' fees, the record reflects Father has largely represented himself throughout these proceedings but retained counsel for assistance in defending against Mother's Petition for Temporary Orders Without Notice and Mother's Petition for Modification of Legal Decision-Making Authority as to Educational Decisions Only over the child. As to Mother's request for attorneys' fees, in considering the parties' financial positions, the court found there was no evidence to suggest either party's financial resources were significantly greater than the other. Also, even though the court gave great weight to Father's conduct in claiming the child as an exemption in his 2017 tax reporting against the court's orders, this was not the only basis for the court's award of attorneys' fees to Mother. The court also found that Father had taken "unreasonable positions" throughout the proceedings. *See MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 38 (App. 2011). We find no abuse of discretion in the court awarding Mother partial attorneys' fees and declining to award Father's request.

¶27     While Father additionally contests a prior $500 award of attorneys' fees granted to Mother in August 2018, for having to respond to Father's motion for judgment on the pleadings, this award was not appealed within thirty days and Father's challenge is now untimely. *See* ARCAP 9(a). As such, we do not address it further.

## CONCLUSION

¶28     Father requests an award of taxable fees and costs incurred on appeal. Additionally, without providing any legal basis, Father requests $2,500 so that he "may proceed with an attorney in the event this matter is remanded." Father's requests are denied. As the prevailing party on appeal, Mother is entitled to an award of taxable costs contingent upon her compliance with ARCAP 21.

¶29     For the foregoing reasons, we affirm.

